APPEAL,CLOSED,JURY,TYPE–E

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:09–cv–01967–PLF

| | |
|---|---|
| TOUMAZOU et al v. TURKISH REPUBLIC OF NORTHERN CYPRUS | Date Filed: 10/19/2009 |
| Assigned to: Judge Paul L. Friedman | Date Terminated: 09/30/2014 |
| Demand: $400,000,000,000 | Jury Demand: Plaintiff |
| Cases:  1:10–cv–01225–PLF | Nature of Suit: 240 Torts to Land |
| 1:12–cv–00846–PLF | Jurisdiction: Federal Question |
| 1:11–cv–01469–JEB | |
| Cause: 28:1330 Breach of Contract | |

**Plaintiff**

| | | |
|---|---|---|
| **MICHALI TOUMAZOU** | represented by | **Athan Theodore Tsimpedes** |
| | | TSIMPEDES LAW FIRM |
| | | 1920 N Street, NW |
| | | Suite 300 |
| | | Washington, DC 20036 |
| | | (202) 464–9910 |
| | | Fax: (202) 727–2947 |
| | | Email: athan@tsimpedeslaw.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Robert J. Shelist** |
| | | LAW OFFICES OF ROBERT J. SHELIST, P.C. |
| | | 500 N. Michigan Avenue |
| | | Suite 300 |
| | | Chicago, IL 60611 |
| | | (312) 226–0675 |
| | | Fax: (312) 226–1053 |
| | | Email: rjsattorny@aol.com |
| | | *PRO HAC VICE* |
| | | *ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **NICOLAS KANTZILARIS** | represented by | **Athan Theodore Tsimpedes** |
| | | (See above for address) |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Robert J. Shelist** |
| | | (See above for address) |
| | | *PRO HAC VICE* |
| | | *ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **MAROULLA TOMPAZOU** *Individually and on behalf of all others Similarly Situated* | represented by | **Athan Theodore Tsimpedes** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Robert J. Shelist** (See above for address) *PRO HAC VICE* *ATTORNEY TO BE NOTICED* |

V.

**Defendant**

**REPUBLIC OF TURKEY**
*TERMINATED: 02/16/2010*

**Defendant**

| | | |
|---|---|---|
| **TURKISH REPUBLIC OF NORTHERN CYPRUS** *An unincorporated association of organized crime* *also known as* TRNC | represented by | **David S. Saltzman** SALTZMAN &EVINCH, P.C. 1050 K Street, NW Suite 1150 Washington, DC 20001 (202) 637–9877 Fax: (202) 637–9876 Email: dsaltzman@turklaw.net *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Steven R. Perles** PERLES LAW FIRM, P.C. 1146 19th Street, NW 5th Floor Washington, DC 20036 (202) 955–9055 Fax: (202) 955–3806 Email: sperles@perleslaw.com *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Edward B. MacAllister** PERLES LAW FIRM, PC 1146 19th Street, NW Suite 500 Washington, DC 20036 (202) 955–9055 Fax: (202) 955–3806 Email: emacallister@perleslaw.com *ATTORNEY TO BE NOTICED* |

2

**Defendant**

**HSBC HOLDINGS PLC**                    represented by    **Brian James Wong**
SECURITIES &EXCHANGE
COMMISSION
100 F Street, NE
Washington, DC 20549
(202) 551–5026
Email: bwong@mayerbrown.com
*TERMINATED: 06/14/2013*

**Paul Whitfield Hughes**
MAYER BROWN LLP
1999 K Street, NW
Washington, DC 20006
(202) 263–3147
Email: phughes@mayerbrown.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**HSBC GROUP**                    represented by    **HSBC GROUP**
PRO SE

**Brian James Wong**
(See above for address)
*TERMINATED: 06/14/2013*

**Defendant**

**HSBC BANK USA, N.A.**                    represented by    **Michael Orth Ware**
MAYER BROWN LLP
1675 Broadway
New York, NY 10019
(212) 506–2500
Fax: (212) 262–1910
Email: mware@mayerbrown.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew John Pincus**
MAYER BROWN, LLP
1999 K Street, NW
Washington, DC 20006
(202) 263–3220
Fax: (202) 263–3300
Email: apincus@mayerbrown.com
*ATTORNEY TO BE NOTICED*

**Brian James Wong**
(See above for address)
*TERMINATED: 06/14/2013*

**Paul Whitfield Hughes**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**MEHMET ALI TALAT**
*Leader TRNC*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 10/19/2009 | 1 | | COMPLAINT against REPUBLIC OF TURKEY, TURKISH REPUBLIC OF NORTHERN CYPRUS ( Filing fee $ 350, receipt number 4616024778) filed by MICHALI TOUMAZOU, NICOLAS KANTZILARIS, MAROULLA TOMPAZOU. (Attachments: # 1 Civil Cover Sheet)(rdj) (Entered: 10/21/2009) |
| 10/19/2009 | | | Summons (2) Issued as to REPUBLIC OF TURKEY, TURKISH REPUBLIC OF NORTHERN CYPRUS. (rdj) (Entered: 10/21/2009) |
| 12/14/2009 | 2 | | MOTION for Extension of Time to *file a Response to Plaintiffs' Complaint* by TURKISH REPUBLIC OF NORTHERN CYPRUS (Attachments: # 1 Text of Proposed Order)(Perles, Steven) (Entered: 12/14/2009) |
| 12/14/2009 | 3 | | NOTICE of Appearance by Steven R. Perles on behalf of TURKISH REPUBLIC OF NORTHERN CYPRUS (Perles, Steven) (Entered: 12/14/2009) |
| 12/17/2009 | 4 | | ORDER granting in part 2 Emergency Motion for Extension of Time to Answer. Ordered that TRNC shall respond to teh complaint on or before 2/16/2010. Signed by Judge Paul L. Friedman on 12/15/2009. (zmm, ) (Entered: 12/17/2009) |
| 12/17/2009 | | | Set/Reset Deadlines: Answer due by 2/16/2010. (zmm, ) (Entered: 12/17/2009) |
| 02/16/2010 | 5 | | ERRATA *Corected Class Action Complaint* by NICOLAS KANTZILARIS, MAROULLA TOMPAZOU, MICHALI TOUMAZOU. (Attachments: # 1 Corrected Complaint, # 2 Exhibit Ex A, # 3 Exhibit Ex. A, # 4 Exhibit Ex. A, # 5 Exhibit Ex B, # 6 Exhibit Ex C., # 7 Exhibit Ex C., # 8 Exhibit Ex. C., # 9 Exhibit Ex C.)(Tsimpedes, Athan) (Entered: 02/16/2010) |
| 02/16/2010 | 6 | | NOTICE of Voluntary Dismissal by NICOLAS KANTZILARIS, MAROULLA TOMPAZOU, MICHALI TOUMAZOU (Tsimpedes, Athan) (Entered: 02/16/2010) |
| 02/17/2010 | 7 | | ENTERED IN ERROR.....Consent MOTION for Extension of Time to File Response/Reply *to Amended Complaint* by TURKISH REPUBLIC OF NORTHERN CYPRUS (Attachments: # 1 Text of Proposed Order)(Perles, Steven) Modified on 2/18/2010 (td, ). (Entered: 02/17/2010) |
| 02/18/2010 | | | NOTICE OF ERROR re 7 Motion for Extension of Time to File Response/Reply; emailed to sperles@perleslaw.com, cc'd 2 associated attorneys –– The PDF file you docketed contained errors: 1. Invalid attorney signature, 2. Please refile document, 3. Documents must be signed by the filing attorney. Mr MacAllister must enter an appearance. (ztd, ) (Entered: |

| | | | |
|---|---|---|---|
| | | | 02/18/2010) |
| 02/18/2010 | 8 | | Consent MOTION for Extension of Time to File Response/Reply *to Plaintiffs' Amended Complaint* by TURKISH REPUBLIC OF NORTHERN CYPRUS (Attachments: # 1 Text of Proposed Order)(Perles, Steven) (Entered: 02/18/2010) |
| 02/19/2010 | | | MINUTE ORDER granting 7 Motion for Extension of Time to File Response/Reply; granting 8 defendant's consent Motion for Extension of Time up to and including March 8, 2010 to file response to amended complaint. Signed by Judge Paul L. Friedman on February 19, 2010. (MA) (Entered: 02/19/2010) |
| 02/19/2010 | | | Set/Reset Deadlines: Answer to amended complaint due by 3/8/2010. (zmm, ) (Entered: 02/19/2010) |
| 02/24/2010 | 9 | | NOTICE of Appearance by Edward B. MacAllister on behalf of TURKISH REPUBLIC OF NORTHERN CYPRUS (MacAllister, Edward) (Entered: 02/24/2010) |
| 03/08/2010 | 10 | | NOTICE of Appearance by David S. Saltzman on behalf of TURKISH REPUBLIC OF NORTHERN CYPRUS (Saltzman, David) (Entered: 03/08/2010) |
| 03/08/2010 | 11 | | Consent MOTION for Leave to File *Second Amended Class Action Complaint* by NICOLAS KANTZILARIS, MAROULLA TOMPAZOU, MICHALI TOUMAZOU (Attachments: # 1 Text of Proposed Order)(Tsimpedes, Athan) (Entered: 03/08/2010) |
| 03/09/2010 | | | MINUTE ORDER granting 11 plaintiffs' consent motion for leave to file second amended complaint. Plaintiffs will file on or before March 18, 2010 a second amended class action cmoplaint; defendant Turkish Republic of Northern Cyprus shall answer or otherwise respond no later than 30 days after the date of service as indicated on the affidavit of service filed by plaintiffs' resulting from service of the second amended class action complaint upon HSBC bank. the Court also instructs the Clerk of Court to remove the Republic of Turkey from the case caption and case name. Signed by Judge Paul L. Friedman on March 9, 2010. (MA) (Entered: 03/09/2010) |
| 03/09/2010 | | | Set/Reset Deadlines: Second Amended Complaint due by 3/18/2010. (zmm, ) (Entered: 03/10/2010) |
| 03/18/2010 | 12 | | Unopposed MOTION for Extension of Time to *File Second Amended Class Action Complaint* by NICOLAS KANTZILARIS, MAROULLA TOMPAZOU, MICHALI TOUMAZOU (Attachments: # 1 Text of Proposed Order)(Tsimpedes, Athan) (Entered: 03/18/2010) |
| 03/19/2010 | | | MINUTE ORDER granting plaintiff's unopposed motion for enlargement of time 12 . Plaintiff will file second amended class action complaint no later than March 19, 2010. Signed by Judge Paul L. Friedman on 3/19/10. (lcplf1). (Entered: 03/19/2010) |
| 03/19/2010 | 13 | | ENTERED IN ERROR.....ERRATA *Second Amend Complaint* by NICOLAS KANTZILARIS, MAROULLA TOMPAZOU, MICHALI TOUMAZOU. (Tsimpedes, Athan) Modified on 3/22/2010 (td, ). (Entered: 03/20/2010) |

| Date | No. | | Description |
|---|---|---|---|
| 03/19/2010 | | | Set/Reset Deadlines: Second Amended Class Action Complaint due by 3/19/2010. (zmm, ) (Entered: 03/22/2010) |
| 03/19/2010 | 14 | | AMENDED COMPLAINT against TURKISH REPUBLIC OF NORTHERN CYPRUS, HSBC HOLDING, PLC, HSBC GROUP, HSBC BANK USA, N.A. filed by MICHALI TOUMAZOU, NICOLAS KANTZILARIS, MAROULLA TOMPAZOU.(td, ) (Entered: 03/22/2010) |
| 03/22/2010 | | | NOTICE OF ERROR re 13 Errata; emailed to athan@tsimpedeslaw.com, cc'd 4 associated attorneys –– The PDF file you docketed contained errors: 1. Amended Complaints should not be filed electronically. See ECF Civil Filing Pointers for a list. (td, ) (Entered: 03/22/2010) |
| 03/26/2010 | 15 | | MOTION for Leave to File Excess Pages *in Support of TRNC's Motion to Dismiss Plaintiffs Second Amended Complaint (with Motion to Dismiss, Memo, Counterstatement of Facts, Exhibits and Text of Proposed Order attached as Exhibits)* by TURKISH REPUBLIC OF NORTHERN CYPRUS (Attachments: # 1 Text of Proposed Order, # 2 Exhibit Motion to Dismiss, # 3 Exhibit Counterstatement of Facts for Motion to Dismiss, # 4 Exhibit Memorandum in Support of Motion to Dismiss, # 5 Exhibit Motion to Dismiss Exhibit 1, # 6 Exhibit Motion to Dismiss Exhibit 2, # 7 Exhibit Motion to Dismiss Exhibit 3, # 8 Exhibit Motion to Dismiss Exhibit 4, # 9 Exhibit Motion to Dismiss Exhibit 5, # 10 Exhibit Motion to Dismiss Exhibit 6, # 11 Exhibit Motion to Dismiss Exhibit 7, # 12 Exhibit Motion to Dismiss Exhibit 8, # 13 Exhibit Motion to Dismiss Proposed Order)(Perles, Steven) (Entered: 03/26/2010) |
| 04/01/2010 | | | MINUTE ORDER granting 15 TRNC's motion for leave to file an overlength memorandum in support of TRNC's motion to dismiss plaintiffs' second amended complaint. TRNC shall file its memorandum up to 55 pages in length. Signed by Judge Paul L. Friedman on April 1, 2010. (MA) (Entered: 04/01/2010) |
| 04/01/2010 | 17 | | MEMORANDUM in support re 16 MOTION to Dismiss for Lack of Jurisdiction filed by TURKISH REPUBLIC OF NORTHERN CYPRUS by TURKISH REPUBLIC OF NORTHERN CYPRUS. (td, ) (Entered: 04/02/2010) |
| 04/02/2010 | 16 | | MOTION to Dismiss for Lack of Jurisdiction by TURKISH REPUBLIC OF NORTHERN CYPRUS (Attachments: # 1 Memorandum in Support, # 2 Statement of Facts, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Text of Proposed Order)(Perles, Steven) (Entered: 04/02/2010) |
| 04/19/2010 | 18 | | STIPULATION *AND ORDER* by NICOLAS KANTZILARIS, MAROULLA TOMPAZOU, MICHALI TOUMAZOU. (Tsimpedes, Athan) (Entered: 04/19/2010) |
| 04/21/2010 | | | MINUTE ORDER: The Court will treat plaintiffs' stipulation and order for extension of time filed on April 19, 2010 18 as a consent motion for extension of time, and will grant the motion. Plaintiffs' response to defendant's motion to dismiss is now due on or before May 3, 2010 and defendant's reply is now due on or before June 4, 2010. Signed by Judge Paul L. Friedman on April 21, 2010. (MA) (Entered: 04/21/2010) |

| | | |
|---|---|---|
| 04/21/2010 | | Set/Reset Deadlines: Response to motion to dismiss due by 5/3/2010. Reply due by 6/4/2010. (zmm, ) (Entered: 04/21/2010) |
| 05/03/2010 | 19 | MOTION for Extension of Time to File Response/Reply by NICOLAS KANTZILARIS (Attachments: # 1 Text of Proposed Order)(Tsimpedes, Athan) (Entered: 05/03/2010) |
| 05/04/2010 | | MINUTE ORDER granting 19 plaintiff's Motion for Extension of Time up to and including May 4, 2010 to file its opposition to defendant Turkish Republic of Northern Cyprus' motion to dismiss. Signed by Judge Paul L. Friedman on May 4, 2010. (MA) (Entered: 05/04/2010) |
| 05/04/2010 | | Set/Reset Deadlines: Plaintiff's Opposition due by 5/4/2010 (tr) (Entered: 05/05/2010) |
| 05/05/2010 | 20 | Memorandum in opposition to re 16 MOTION to Dismiss for Lack of Jurisdiction, 19 MOTION for Extension of Time to File Response/Reply filed by NICOLAS KANTZILARIS. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit, # 17 Exhibit, # 18 Exhibit, # 19 Exhibit, # 20 Exhibit, # 21 Exhibit, # 22 Exhibit, # 23 Exhibit, # 24 Exhibit, # 25 Exhibit, # 26 Exhibit, # 27 Exhibit, # 28 Exhibit, # 29 Exhibit)(Tsimpedes, Athan) (Entered: 05/05/2010) |
| 05/12/2010 | 21 | Consent MOTION for Extension of Time to file *TRNC Reply Memorandum*, MOTION for Extension of Time to File Response/Reply by TURKISH REPUBLIC OF NORTHERN CYPRUS (Attachments: # 1 Text of Proposed Order)(Perles, Steven) (Entered: 05/12/2010) |
| 05/14/2010 | | MINUTE ORDER granting 21 defendant TRNC's consent motion for extension of time up to and including June 14, 2010 to file their reply in response to plaintiffs' opposition to TRNC's first motion to dismiss, and that plaintiffs shall file the correct exhibits to their opposition. Signed by Judge Paul L. Friedman on May 14, 2010. (MA) (Entered: 05/14/2010) |
| 05/14/2010 | | Set/Reset Deadlines: Reply due by 6/14/2010. (zmm, ) (Entered: 05/17/2010) |
| 05/18/2010 | 22 | NOTICE *of Corrected Exhibits no.'s 1−20* by NICOLAS KANTZILARIS re Order on Motion for Extension of Time to, Order on Motion for Extension of Time to File Response/Reply,, (Tsimpedes, Athan) (Entered: 05/18/2010) |
| 05/18/2010 | 23 | NOTICE *Corrceted Exhibits 6−10* by NICOLAS KANTZILARIS re Order on Motion for Extension of Time to, Order on Motion for Extension of Time to File Response/Reply,, (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit)(Tsimpedes, Athan) (Entered: 05/18/2010) |
| 05/18/2010 | 24 | NOTICE *Corrected exhibits 11−20* by NICOLAS KANTZILARIS re Order on Motion for Extension of Time to, Order on Motion for Extension of Time to File Response/Reply,, (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit)(Tsimpedes, Athan) (Entered: 05/18/2010) |
| 05/20/2010 | 25 | ERRATA *Corrected Exhibits no.s' 1−5* by NICOLAS KANTZILARIS 22 Notice (Other) filed by NICOLAS KANTZILARIS. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit)(Tsimpedes, Athan) |

7

| | | |
|---|---|---|
| | | (Entered: 05/20/2010) |
| 06/14/2010 | 26 | REPLY to opposition to motion re 16 MOTION to Dismiss for Lack of Jurisdiction filed by TURKISH REPUBLIC OF NORTHERN CYPRUS. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Perles, Steven) (Entered: 06/14/2010) |
| 11/18/2010 | 27 | NOTICE *Praecipe* by MICHALI TOUMAZOU re 20 Memorandum in Opposition,, (Attachments: # 1 Supplement, # 2 Supplement, # 3 Supplement, # 4 Supplement, # 5 Supplement, # 6 Supplement)(Tsimpedes, Athan) (Entered: 11/18/2010) |
| 11/24/2010 | 28 | MEMORANDUM by TURKISH REPUBLIC OF NORTHERN CYPRUS. (Perles, Steven) (Entered: 11/24/2010) |
| 04/12/2011 | 29 | MOTION for Leave to File *Third Amended Complaint* by MICHALI TOUMAZOU (Attachments: # 1 Memorandum in Support, # 2 Third Amended Complaint, # 3 Text of Proposed Order)(Tsimpedes, Athan) (Entered: 04/13/2011) |
| 04/18/2011 | 30 | NOTICE *to File Corrected Third Amended Complaint* by MICHALI TOUMAZOU re 29 MOTION for Leave to File *Third Amended Complaint* (Attachments: # 1 Errata)(Tsimpedes, Athan) (Entered: 04/19/2011) |
| 04/26/2011 | 31 | Memorandum in opposition to re 29 MOTION for Leave to File *Third Amended Complaint* filed by TURKISH REPUBLIC OF NORTHERN CYPRUS. (Attachments: # 1 Text of Proposed Order)(Perles, Steven) (Entered: 04/26/2011) |
| 05/04/2011 | 32 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Robert J. Shelist, :Firm– Law Offices of Robert J. Shelist PC, :Address– 1061 W. Monroe Street, Chicago, IL 60607. Phone No. – 312–226–0675. Fax No. – 312–226–1053 by MICHALI TOUMAZOU (Tsimpedes, Athan) (Entered: 05/04/2011) |
| 05/05/2011 | | MINUTE ORDER: The motion 32 for admission pro hac vice of Robert J. Shelist on behalf of the plaintiffs is granted. Signed by Judge Paul L. Friedman on May 5, 2011. (lcplf1) (Entered: 05/05/2011) |
| 06/22/2011 | 33 | MOTION for Order *Scheduling a Status Conference* by TURKISH REPUBLIC OF NORTHERN CYPRUS (Attachments: # 1 Text of Proposed Order)(MacAllister, Edward) (Entered: 06/22/2011) |
| 06/30/2011 | 34 | NOTICE of Appearance by Michael Orth Ware on behalf of HSBC BANK USA, N.A. (Ware, Michael) (Entered: 06/30/2011) |
| 06/30/2011 | 35 | Corporate Disclosure Statement by HSBC BANK USA, N.A.. (Ware, Michael) (Entered: 06/30/2011) |
| 06/30/2011 | 36 | rESPONSE to re 33 MOTION for Order *Scheduling a Status Conference – HSBC Bank USA's Response to TRNC's Conference Request,* filed by HSBC BANK USA, N.A.. (Attachments: # 1 Text of Proposed Order)(Ware, Michael) Modified to read "Response" and not "Supplemental Memorandum" on 7/1/2011 (td, ). (Entered: 06/30/2011) |
| 07/07/2011 | 37 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. |

| | | | |
|---|---|---|---|
| | | | HSBC BANK USA, N.A. served on 5/23/2011, answer due 6/13/2011; HSBC GROUP served on 5/23/2011, answer due 6/13/2011; HSBC HOLDINGS, PLC served on 5/23/2011, answer due 6/13/2011 (Attachments: # 1 Return of Service HSBC Holdings PLC, # 2 Return of Service HSBC USA)(Tsimpedes, Athan) (Entered: 07/07/2011) |
| 07/22/2011 | 38 | | NOTICE of Praecipe by MAROULLA TOMPAZOU (Shelist, Robert) (Entered: 07/22/2011) |
| 07/25/2011 | | | MINUTE ORDER: The unopposed motion 33 of defendant, the Turkish Republic of Northern Cyprus, for a status conference is granted. It is hereby ordered that the parties shall appear before the Court for a status conference in this case and in the related Civil Action No. 10–1225 on September 7, 2011 at 2:00 p.m. It is further ordered that no defendant shall be required to respond to any pleading in this case or in Civil Action No. 10–1225 until further Order of this Court. Signed by Judge Paul L. Friedman on July 25, 2011. (lcplf1) (Entered: 07/25/2011) |
| 07/25/2011 | | | Set/Reset Hearings: Status Conference set for 9/7/2011 02:00 PM in Courtroom 29A before Judge Paul L. Friedman. (zmm, ) (Entered: 07/26/2011) |
| 08/10/2011 | | | MINUTE ORDER: The Status Conference set for 9/7/2011 @ 2:00 p.m. is hereby reset to 9:45 a.m. the same day in Courtroom 29A before Judge Paul L. Friedman. Signed by Judge Paul L. Friedman on 8/10/2011. (zmm, ) (Entered: 08/10/2011) |
| 08/22/2011 | | | MINUTE ORDER: Counsel for plaintiffs and the defendants have notified the Court of their agreement to reschedule the 9/7/2011 Status Conference. Therefore, the Status Conference, currently set for 9/7/2011, is hereby reset to 9/27/2011 @ 09:45 AM in Courtroom 29A. Signed by Judge Paul L. Friedman on 8/22/2011. (zmm, ) (Entered: 08/22/2011) |
| 09/08/2011 | 39 | | NOTICE of Appearance by Andrew John Pincus on behalf of HSBC BANK USA, N.A. (Pincus, Andrew) (Entered: 09/08/2011) |
| 09/14/2011 | 40 | | NOTICE of Appearance by Brian James Wong on behalf of HSBC BANK USA, N.A. (Wong, Brian) (Entered: 09/14/2011) |
| 09/20/2011 | | | MINUTE ORDER: The status conference currently set for September 27, 2011 is hereby canceled and will be reset by separate order. Signed by Judge Paul L. Friedman on September 20, 2011. (lcplf1) (Entered: 09/20/2011) |
| 09/30/2011 | 41 | | NOTICE of Change of Address by Robert J. Shelist (Shelist, Robert) (Entered: 09/30/2011) |
| 10/12/2011 | | | MINUTE ORDER: The Status Conference, formerly scheduled for 9/27/2011, is reset to 10/26/2011 @ 10:00 a.m. in Courtroom 29A before Judge Paul L. Friedman. Signed by Judge Paul L. Friedman on 10/12/2011. (zmm, ) (Entered: 10/12/2011) |
| 10/26/2011 | | | MINUTE ORDER: On October 26, 2011, the Court held a status conference in this case and in the related Civil Action No. 10–1225. For the reasons stated in open court, it is hereby ordered that plaintiffs shall file their reply to the opposition 31 of defendant, the Turkish Republic of Northern Cyprus, to plaintiffs' motion for leave to file a third amended complaint by November 2, |

| | | |
|---|---|---|
| | | 2011. It is further ordered that the HSBC defendants shall file their dispositive motion by November 15, 2011; plaintiffs shall file their opposition to that motion by December 15, 2011; and the HSBC defendants shall file their reply by January 9, 2012. Signed by Judge Paul L. Friedman on October 26, 2011. (MA) (Entered: 10/26/2011) |
| 10/26/2011 | | Minute Entry for proceedings held before Judge Paul L. Friedman: Status Conference held on 10/26/2011. Plaintiffs' reply to the opposition of Defendant Turkish Republic of Northern Cyprus to Plaintiffs' motion for leave to file third amended complaint due 11/2/2011. HSBC defendants to file their dispositive motion by 11/15/2011. Plaintiffs' to file their response by 12/15/2011. HSBC defendants' reply due 1/9/2012. (Court Reporter Wendy Ricard) (zmm, ) (Entered: 10/27/2011) |
| 11/02/2011 | 42 | REPLY to opposition to motion re 29 MOTION for Leave to File *Third Amended Complaint* filed by MICHALI TOUMAZOU, NICOLAS KANTILARIS, MAROULLA TOMPAZOU. (Attachments: # 1 Exhibit, # 2 Exhibit)(Tsimpedes, Athan) Modified to add filers on 11/3/2011 (znmw, ). (Entered: 11/02/2011) |
| 11/03/2011 | | NOTICE OF ERROR re 42 Reply to opposition to Motion; emailed to athan@tsimpedeslaw.com, cc'd 9 associated attorneys –– The PDF file you docketed contained errors: 1. Select all plaintiffs/filers in future. (znmw, ) (Entered: 11/03/2011) |
| 11/15/2011 | 43 | MOTION to Dismiss by HSBC BANK USA, N.A., HSBC GROUP, HSBC HOLDINGS, PLC (Attachments: # 1 Memorandum in Support, # 2 Exhibit Attachment A (Galsworth Tr.), # 3 Text of Proposed Order)(Wong, Brian) (Entered: 11/15/2011) |
| 12/15/2011 | 44 | Unopposed MOTION for Extension of Time to File *Opposition* by MICHALI TOUMAZOU (Attachments: # 1 Text of Proposed Order)(Tsimpedes, Athan) (Entered: 12/15/2011) |
| 12/16/2011 | | MINUTE ORDER: Plaintiffs' unopposed motion 44 for an enlargement of time is granted. Plaintiffs shall file their response to defendants' motion 43 to dismiss by December 16, 2011. Signed by Judge Paul L. Friedman on December 16, 2011. (lcplf1) (Entered: 12/16/2011) |
| 12/16/2011 | 45 | Memorandum in opposition to re 43 MOTION to Dismiss filed by MICHALI TOUMAZOU. (Attachments: # 1 Exhibit EX. A, # 2 Exhibit EX B, # 3 Exhibit EX, B, # 4 Exhibit Ex. B, # 5 Exhibit Ex. B, # 6 Exhibit Ex C., # 7 Exhibit Ex D, # 8 Exhibit EX D, # 9 Exhibit Ex. D, # 10 Exhibit Ex D, # 11 Exhibit Ex D, # 12 Exhibit Ex. E)(Tsimpedes, Athan) (Entered: 12/17/2011) |
| 12/22/2011 | 46 | ERRATA *Corrected Opposition Memorandum* re 45 Memorandum in opposition , by MICHALI TOUMAZOU. (Attachments: # 1 Memorandum in Support, # 2 Exhibit Ex. A, # 3 Exhibit Ex. B, # 4 Exhibit Ex. C, # 5 Exhibit Ex. D, # 6 Exhibit Ex. E, # 7 Exhibit Ex. F)(Tsimpedes, Athan) Modified on 12/23/2011 to edit relationship and link (dr). (Entered: 12/22/2011) |
| 01/09/2012 | 47 | REPLY to opposition to motion re 43 MOTION to Dismiss filed by HSBC BANK USA, N.A., HSBC GROUP, HSBC HOLDINGS, PLC. (Wong, Brian) (Entered: 01/09/2012) |

| 03/16/2012 | 48 | | NOTICE OF RELATED CASE by TURKISH REPUBLIC OF NORTHERN CYPRUS. Case related to Case No. 11–01469 (JEB). (Saltzman, David) (Entered: 03/16/2012) |
| 05/02/2012 | 49 | | NOTICE by TURKISH REPUBLIC OF NORTHERN CYPRUS (Attachments: # 1 Exhibit Copy of Order and Memorandum Opinion)(Saltzman, David) (Entered: 05/02/2012) |
| 06/14/2013 | 50 | | NOTICE OF WITHDRAWAL OF APPEARANCE as to HSBC BANK USA, N.A., HSBC GROUP, HSBC HOLDINGS PLC. Attorney Brian James Wong terminated. (Wong, Brian) (Entered: 06/14/2013) |
| 11/13/2013 | 51 | | NOTICE of Change of Address by David S. Saltzman (Saltzman, David) (Entered: 11/13/2013) |
| 09/30/2014 | 52 | 13 | ORDER denying 29 plaintiffs' motion for leave to file an amended complaint, granting 16 defendant Turkish Republic of Northern Cyprus' motion to dismiss for lack of personal jurisdiction, and granting 43 the HSBC defendants' motion to dismiss for failure to state a claim. An Opinion explaining the Court's reasoning with respect to the parties' positions and their motions will be issued in due course. Signed by Judge Paul L. Friedman on September 30, 2014. (lcplf3) (Entered: 09/30/2014) |
| 10/09/2014 | 53 | 15 | OPINION stating the reasons for the Court's Order of September 30, 2014 granting both the TRNC's and the HSBC defendants' motions to dismiss, denying the plaintiffs' motion for leave to amend, and dismissing this action with prejudice. Signed by Judge Paul L. Friedman on October 9, 2014. (MA) (Entered: 10/09/2014) |
| 10/16/2014 | 54 | | NOTICE of Appearance by Paul W. Hughes on behalf of HSBC BANK USA, N.A., HSBC HOLDINGS PLC (Hughes, Paul) (Entered: 10/16/2014) |
| 10/29/2014 | 55 | 12 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 52 Order on Motion for Leave to File, Order on Motion to Dismiss, Order on Motion to Dismiss/Lack of Jurisdiction,,,,,, by NICOLAS KANTZILARIS, MAROULLA TOMPAZOU, MICHALI TOUMAZOU. Filing fee $ 505, receipt number 0090–3888328. Fee Status: Fee Paid. Parties have been notified. (Tsimpedes, Athan) (Entered: 10/29/2014) |

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

MICHALI TOUMAZOU, *et al.*          )
                  Plaintiffs,          )
                                       )
v.                                     )          Civil Action No.: 09-1967
                                       )          Judge Paul L. Freidman
                                       )
TURKISH REPUBLIC OF NORTHERN           )
 CYPRUS, *et al*.                      )
                  Defendants.          )
_____ )

## NOTICE OF APPEAL

NOTICE is hereby given that all Plaintiffs in the above captioned matter hereby appeal to the

United States Court of Appeals for the District of Columbia Circuit from the final judgment

entered on September 30, 2014, granting defendants' Motion to Dismiss and denying Plaintiffs'

Motion for Leave to amend, thereby dismissing all claims made by plaintiffs.[1] Plaintiffs' appeal

includes all Orders and rulings in the underlying case.


Respectfully submitted,


TSIMPEDES LAW FIRM                    Dated: October 29, 2014


BY: /s/ Athan T. Tsimpedes
      11 Dupont Circle, N.W.
      Suite 500
      Washington, D.C.  20036
      Ph.: 202-464-9910
      att@tsimpedeslaw.com

_____

[1]  Plaintiff's intend to amend this Notice of Appeal once the District Court enters judgment in
*Fiouris, et al v. TRNC, et al.,* case no. 10-1225 and *Latchford, et al v. TRNC, et al.,* case no. 12-
00846, which are related cases indistinguishable by facts or law.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                              )
MICHALI TOUMAZOU, et. al.,                    )
                                              )
            Plaintiffs,                        )
                                              )
      v.                                       )        Civil Action No. 09-1967 (PLF)
                                              )
TURKISH REPUBLIC OF NORTHERN                   )
CYPRUS, et. al.,                               )
                                              )
            Defendants.                        )
_____ )

## ORDER

This matter is before the Court on the defendants' motions to dismiss and

plaintiffs' motion to amend the complaint.  An Opinion explaining the Court's reasoning with

respect to the parties' positions and their motions will be issued in due course.  It is hereby

ORDERED that the TRNC's motion to dismiss for lack of personal jurisdiction

[Dkt. No. 16] is GRANTED; it is

FURTHER ORDERED that the HSBC defendants' motion to dismiss for failure

to state a claim [Dkt. No. 43] is GRANTED; it is

FURTHER ORDERED that the plaintiffs' motion for leave to file a third

amended complaint [Dkt. No. 29] is DENIED; and it is

FURTHER ORDERED that the complaint is DISMISSED with prejudice. The

Clerk of Court shall remove this case from the docket of this Court. This is a final appealable

Order. See FED. R. APP. P. 4(a).

SO ORDERED.

/s/_____

PAUL L. FRIEDMAN
United States District Judge

DATE: September 30, 2014

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
MICHALI TOUMAZOU, et. al.,                          )
                                                    )
            Plaintiffs,                             )
                                                    )
      v.                                            )     Civil Action No. 09-1967 (PLF)
                                                    )
TURKISH REPUBLIC OF NORTHERN                        )
CYPRUS, et. al.,                                    )
                                                    )
            Defendants.                             )
_____             )

## OPINION

        This litigation arises out of the protracted conflict between Turkish and Greek

Cypriots.  See generally Autocephalous Greek-Orthodox Church v. Goldberg & Feldman Fine

Arts, Inc., 917 F.2d 278, 280-81 (7th Cir. 1990); Crist v. Republic of Turkey, 995 F. Supp. 5, 7

(D.D.C. 1998).  "The Cypriot people have long been a divided people, approximately three-

fourths being of Greek descent and Greek-Orthodox faith, the other quarter of Turkish descent

and Muslim faith".  Autocephalous Greek-Orthodox Church v. Goldberg & Feldman Fine Arts,

Inc., 917 F.2d at 280-81.  Formerly under Ottoman and then British control, the Republic of

Cyprus was founded in 1960 by mutual agreement between Greece, Turkey, and Great Britain.

Id. at 280.  Animosity between Greek and Turkish Cypriots, who desired unification with Greece

or Turkey respectively, resurfaced shortly thereafter.  Id.  Intercommunal violence was common

throughout the 1960's and early '70s.  Id.

        This tension erupted in July 1974 when the Greek Cypriot military ousted the

joint Cypriot government.  TRNC Statement of Facts at 9; Crist v. Republic of Turkey,

995 F. Supp. at 7.[1]  In response, Turkey invaded Cyprus.  TRNC Statement of Facts at 10; Crist

v. Republic of Turkey, 995 F. Supp. at 7.  In the bitter conflict that ensued, both sides committed

atrocities.  See TRNC Statement of Facts at 9-10; Compl. ¶ 12; Pls. Mot. to Amend. Ex. 2

¶¶ 15-16.  By the time a cease-fire was declared in August of 1974, Turkey had taken control of

approximately one third of Cyprus, leaving many Greek Cypriots as refugees.  Compl. ¶¶ 10-11;

TRNC Statement of Facts at 10-11; Crist v. Republic of Turkey, 995 F. Supp. at 7.  To this day,

United Nations peacekeeping forces maintain the "Green Line" that separates the Turkish-

occupied north from the rest of Cyprus.  Compl. ¶ 17; TRNC Statement of Facts at 12; Crist v.

Republic of Turkey, 995 F. Supp. at 7.

　　　　　In the aftermath, Turkish Cypriots established a functioning government called

the "Turkish Federated State of Cyprus," which was succeeded by the Turkish Republic of

Northern Cyprus in 1983.  TRNC Statement of Facts at 12; Crist v. Republic of Turkey, 995 F.

Supp. at 7.[2]  The TRNC claimed ownership of all property it deemed was "abandoned" by Greek

---

[1]　　　　The papers reviewed in connection with the pending motions, and the abbreviations used to identify them throughout this Opinion, are: Plaintiffs' Second Amended Complaint ("Compl.") [Dkt. No. 14]; TRNC's Motion to Dismiss for Lack of Personal Jurisdiction ("TRNC Mot.") [Dkt. No. 16]; TRNC's Counterstatement of Facts ("TRNC Statement of Facts") [Dkt. No. 16 Attach. 2]; Plaintiffs' Opposition to TRNC's Motion to Dismiss ("Pls. TRNC Opp.") [Dkt. No. 20]; TRNC's Reply to the Plaintiffs' Opposition to TRNC's Motion to Dismiss ("TRNC Reply") [Dkt. No. 26]; the HSBC Defendants' Motion to Dismiss for Failure to State a Claim ("HSBC Mot.") [Dkt. No. 43]; Plaintiffs' Opposition to the HSBC Defendants' Motion to Dismiss ("Pls. HSBC Opp.") [Dkt. No. 45]; the HSBC Defendants' Reply to the Plaintiffs' Opposition ("HSBC Reply") [Dkt. No. 47]; Plaintiffs' Motion for Leave to Amend the Second Amended Complaint ("Pls. Mot. to Amend") [Dkt. No. 29]; TRNC's Opposition to the Plaintiffs' Motion to Amend the Second Complaint ("TRNC Opp.") [Dkt. No. 31]; and Plaintiffs' Reply to TRNC's Opposition to Their Motion for Leave to Amend the Second Amended Complaint ("Pls. Reply") [Dkt. No. 42].

[2]　　　　The U.N. Security Council denounced the TRNC as "legally invalid," and, to this day, Turkey is the only country to diplomatically recognize the TRNC.  Compl. ¶¶ 15, 31-33; Crist v. Republic of Turkey, 995 F. Supp. at 7.

2

Cypriots who fled south. Compl. ¶ 17.[3]  This "abandoned" property was redistributed to Turkish

Cypriots who, in return, were required to renounce their rights to property in southern Cyprus.

TRNC Statement of Facts at 17-18.[4]

The plaintiffs, Greek Cypriots, filed the instant proposed class action suit on

October 19, 2009, bringing varied claims, alleging that the TRNC unlawfully confiscated their

property in northern Cyprus in 1974, Compl. ¶¶ 10-14, 18-20, and has masterminded a broad

scheme to profit from and sell these properties "in the United States, Europe and around the

world with the aid, assistance and support of HSBC."  Id. ¶ 45.[5]  Plaintiffs allege that the HSBC

defendants "do[] business with the TRNC through the north of Cyprus and the United States and

knowingly aid[], assist[], support[] and benefit[] from the fraudulent property scheme of the

TRNC."  Id. ¶ 46.

---

[3]    The Court notes that the Republic of Cyprus also allegedly "requisitioned" property owned by Turkish Cypriots, which is now held in trust by a property management department of the Cypriot government.  TRNC Statement of Facts at 18.

[4]    In 2005, the TRNC created the Immovable Property Commission ("IPC") to provide Greek Cypriots a domestic remedy for claims relating to their properties in northern Cyprus.  TRNC Mot. Ex. 1 ¶ 39.  The adequacy of the IPC in resolving these property disputes has been upheld by the European Court of Human Rights.  See generally Demopoulos v. Turkey, 2010 Eur. C. H.R. 306 (dismissing a series of related cases for failure to exhaust domestic remedies).  Moreover, "[u]nder Cyprus Law, Greek Cypriot property owners may bring legal actions before the competent Courts of the Republic against trespassers to their properties in the Turkish-occupied area, claiming damages and other legal remedies available to them under civil law.  Judgments issued in favour of lawful property owners shall be recognized and enforced against property/assets of the defendants/judgment debtors in any EU member State, under the provisions of EC Regulation No. 44/2001."  Pls. HSBC Opp. Ex. 1. at 1.

[5]    Specifically, the plaintiffs have brought claims for: (1) interference and denial of property rights including access, use and enjoyment of property; (2) violation of international and customary law; (3) civil conspiracy; (4) aiding and abetting; (5) unjust enrichment; (6) violation of the Lanham Act; (7) intentional interference with property rights; and (8) an accounting.  Compl. ¶¶ 85-134.

3

The TRNC filed its motion to dismiss for lack of personal jurisdiction on March 26, 2010; plaintiffs requested leave to file a third amended complaint on April 12, 2011.  The proposed amended complaint seeks to add 758 individual plaintiffs and several new claims.  The HSBC defendants filed their motion to dismiss for failure to state a claim on November 15, 2011.  Their primary argument is that the plaintiffs have failed to adequately plead that the HSBC defendants are liable for the alleged acts of a Turkish subsidiary, HSBC A.Ş., which operates three branches in northern Cyprus.

Upon consideration of the parties' arguments, the relevant legal authorities, and the record in this case, the Court concludes that it lacks personal jurisdiction over the TRNC and that the complaint fails to state a claim against the HSBC defendants.  For the same reasons, the Court also finds that it would be futile to permit plaintiffs to file an amended complaint.  On September 30, 2014, the Court granted both motions to dismiss with prejudice and denied plaintiffs' motion for leave to amend.  This Opinion explains the reasoning underlying that September 30, 2014 Order.

## I. TRNC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

The plaintiffs assert that this Court has personal jurisdiction over the TRNC pursuant to: (1) D.C. Code § 13–334(a), which authorizes general jurisdiction over foreign corporations "doing business" in the District of Columbia; and (2) D.C. Code § 13-423(a)(1), which authorizes specific jurisdiction over defendants who "transact business" in the District of Columbia.  Pls. TRNC Opp. at 10-17.  The Court disagrees and finds that it cannot exercise either general or specific personal jurisdiction over TRNC.[6]

---

[6]     The Court also notes that it is unlikely the TRNC has the capacity to be sued for state law claims in the District of Columbia, given the plaintiffs' repeated insistence that the

4

*A. Legal Standards*

The plaintiffs bear the burden of establishing a *prima facie* showing that the Court

has personal jurisdiction over the TRNC.  See Mwani v. Bin Laden, 417 F.3d 1, 7 (D.C. Cir.

2005); First Chicago Int'l v. United Exch. Co., 836 F.2d 1375, 1378-79 (D.C. Cir. 1988).  In

order to meet this burden, plaintiffs "must provide sufficient factual allegations, apart from mere

conclusory assertions, to support the exercise of personal jurisdiction over the defendant."  Howe

v. Embassy of Italy, 2014 WL 4449697, at *2 (D.D.C. Sept. 11, 2014); see also First Chicago

Int'l v. United Exch. Co., 836 F.2d at 1378 ("Conclusory statements . . . do not constitute the

*prima facie* showing necessary to carry the burden of establishing personal jurisdiction");

Alkanani v. Aegis Def. Servs., 976 F. Supp. 2d 13, 22 (D.D.C. 2014) (plaintiff has the burden of

establishing a factual basis for a court's exercise of personal jurisdiction and for alleging facts

connecting defendant with the forum).

On a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) of the

Federal Rules of Civil Procedure, the Court need not accept all of the plaintiffs' allegations as

true.  Jung v. Assoc. of Am. Med. Colls., 300 F. Supp. 2d 119, 127 (D.D.C. 2004).  It "may

receive and weigh affidavits and other relevant matter [outside of the pleadings] to assist in

determining the jurisdictional facts."  Id. (quoting United States v. Philip Morris Inc., 116 F.

Supp. 2d. 116, 120 n.4 (D.D.C. 2000)); see also Alkanani v. Aegis Def. Servs., 976 F. Supp. 2d

---

TRNC is an "unincorporated association."  See Compl. ¶¶ 7, 40; Pls. TRNC Opp. at 3, 5 n.5, 9
("The 'TRNC' is strictly a foreign unincorporated association and nothing more").  Millenium
Square Residential Ass'n v. 2200 M St., LLC, 952 F. Supp. 2d 234, 243 (D.D.C. 2013) (quoting
Plan Comm. v. Pricewaterhousecoopers, LLP, 2007 WL 1191917, at *3-4 (D.D.C. Apr. 20,
2007)) ("[T]he common law of the District of Columbia is that an unincorporated association
may not be sued in its own name"); see also FED. R. CIV. P. 17(b)(3).

5

at 22.  But all factual discrepancies must be resolved in the plaintiffs' favor.  Crane v. N.Y.

Zoological Soc., 894 F.2d 454, 456 (D.C. Cir. 1990).

### B.  General Personal Jurisdiction under D.C. Code § 13-334(a)

In support of this Court's exercise of general personal jurisdiction over the TRNC

pursuant to D.C. Code § 13-334(a), the plaintiffs assert that the TRNC:

1.  "Hir[es] employees from abroad and send[s] them as representative or staff to the District of Columbia, leas[es] office, hir[es] and pay[s] lawyers, [uses] letterhead, [an] interactive website, phone, email, facsimiles, maps, and a DC postal address, writ[es] letters to newspapers, speak[s] at universities, [and] ha[s] offices [with] other "TRNC" representative[s] who are business owners;"

2.  Employs a "known lobbyist and representative of the 'Turkish Cypriot Community' and not the so called "TRNC," who holds "himself out as an ambassador in Washington DC to at least Turkey;"

3.  Conducts banking transactions with HSBC "and its network of institution[s] under its name;"

4.  Maintains a website (www.trncwashdc.org); and

5.  Operates in the District without a business license and has failed to pay D.C. taxes.

Pls. TRNC Opp. at 4-7.

Plaintiffs argue that these assertions are sufficient to establish general personal

jurisdiction because they demonstrate that the TRNC's contacts with the District "have been so

continuous and systematic that it could foresee being haled into court in the District of

Columbia."  Pls. TRNC Opp. at 10 (quoting AGS Int'l Servs. S.A. v. Newmont U.S.A. Ltd., 346

F. Supp. 2d 64, 74 (D.D.C. 2004)).  Since the plaintiffs' briefing in this case, however, the

Supreme Court has held that "engag[ing] in a substantial, continuous, and systematic course of

6

business in the forum is not, in and of itself, enough for general jurisdiction to comport with due

process." <u>Daimler AG v. Bauman</u>, 134 S. Ct. 746, 761 (2014); <u>see</u> <u>also</u> <u>Goodyear Dunlop Tires</u>

<u>Operations, SA v. Brown</u>, 131 S. Ct. 2846 (2011).  Rather, as the Court made plain in <u>Goodyear</u>,

and repeated in <u>Daimler</u>, "general jurisdiction requires affiliations so continuous and systematic

as to render [the foreign entity] essentially *at home* in the forum State."  <u>Daimler AG v. Bauman</u>,

134 S. Ct. at 758 n.11 (emphasis added) (quoting <u>Goodyear Dunlop Tires Operations, SA v.</u>

<u>Brown</u>, 131 S. Ct. at 2851) (internal quotation marks omitted).  Otherwise it is not amenable to

suit for claims unrelated to particular activity in the forum.  <u>Goodyear Dunlop Tires Operations,</u>

<u>SA v. Brown</u>, 131 S. Ct. at 2856.[7]

Plaintiffs' allegations, even if true, fall woefully short of demonstrating that the

TRNC is "at home" in the District of Columbia.  <u>See</u> Pls. TRNC Opp. at 4-7.[8]  Although

unrecognized by the United States, the TRNC controls and administers over a third of the island

of Cyprus and purportedly operates as a "democratic republic," with a President, Prime Minister,

legislature, and judiciary.  TRNC Statement of Facts at 12-13; Compl. ¶¶ 7, 13, 16.  The

plaintiffs' allegations, which are premised on the TRNC's ongoing control over their property in

Cyprus, indicate that the TRNC is "at home" in northern Cyprus, as its name suggests, not in the

District of Columbia.  <u>See</u> <u>Daimler AG v. Bauman</u>, 134 S. Ct. at 762 n.20 (an entity "operat[ing]

---

[7]     It follows from what the Supreme Court said in <u>Goodyear</u> and <u>Daimler</u> that the constitutional due process requirement for general jurisdiction goes beyond the minimum contacts test initially announced in <u>International Shoe v. Washington</u>, 326 U.S. 310 (1945). While D.C. Code § 13-334(a) previously was said to be "co-extensive with the reach of constitutional due process," <u>Gorman v. Ameritrade Holding Corp.</u>, 293 F.3d 506, 510 (D.C. Cir. 2012), that reach appears to have been constricted by the Supreme Court such that the D.C. Code may be more permissive than due process now permits.  This Court, however, need not resolve that question here.

[8]     This Court may not consider the TRNC's contacts through its D.C. office for purposes of personal jurisdiction under the "government contacts" exception.  <u>See</u> <u>infra</u> at 9-10.

7

in many places can scarcely be deemed at home in all of them. Otherwise, 'at home' would be

synonymous with 'doing business' tests framed before specific jurisdiction evolved in the United

States.").

### C. Specific Personal Jurisdiction under D.C. Code § 13-423(a)(1)

Determining whether D.C. Code § 13-423(a)(1) authorizes specific personal

jurisdiction requires a two-part inquiry: (1) whether the defendant has "transacted business" in

the District of Columbia; and (2) whether the plaintiffs' claims "arise from" the business

transacted. See, e.g., Alkanani v. Aegis Def. Servs., LLC, 976 F. Supp. 2d at 21 (citing

D.C. Code §§ 13-423(a)(1) and (b)). Specific jurisdiction thus "requires a nexus between a

foreign corporation's particular contact with the District of Columbia and the claim that the

plaintiff asserts." Id. (citing Novak-Canzeri v. Saud, 864 F. Supp. 203, 206 (D.D.C. 1994)).

"[The] 'transacting any business' clause has been interpreted to provide jurisdiction to the full

extent allowed by the Due Process Clause." United States v. Ferrara, 54 F.3d 825, 828 (D.C.

Cir. 1995); see also Brunson v. Kalil & Co., 404 F. Supp. 2d 221, 237 (D.D.C. 2005).

"Transacting business" therefore requires that the TRNC "purposefully avail[ed] itself of the

privilege of conducting business within the forum state" and that it has established sufficient

minimum contacts in the forum state so that it "should reasonably anticipate being haled into

court there." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474-75 (1985); see Atlantigas

Corp. v. Nisource, Inc., 290 F. Supp. 2d 34, 43 (D.D.C. 2003).

In support of this Court's exercise of specific personal jurisdiction, the TRNC

offers the same factual assertions listed above. But these allegations also do not establish the

*prima facie* showing required for this Court to exercise specific personal jurisdiction because the

plaintiffs have failed to provide sufficient factual allegations that the TRNC "purposefully avail[ed] itself of the privilege of conducting activities within" the District of Columbia, Burger King Corp. v. Rudzewicz, 471 U.S. at 475, or that its specific claims are based on or arise from those activities.  Atlantigas Corp. v. Nisource, Inc., 290 F. Supp. 2d at 44 (quoting Novak-Canzeri v. Saud, 864 F. Supp. at 206) ("The claim itself must have arisen from the business transacted in the District of Columbia or there is no jurisdiction").

First, the maintenance of an office for the purpose of interacting with the federal government, pursuant to the "government contacts" exception, cannot establish personal jurisdiction.  The so-called "government contacts" exception bars any contacts due to "a nonresident's entry into the District of Columbia for 'the purpose of contacting federal governmental agencies'" from "serv[ing] as a basis for personal jurisdiction."  Alkanani v. Aegis Def. Servs., 976 F. Supp. 2d at 25 (quoting Savage v. Bioport, Inc., 460 F. Supp. 55, 62 (D.D.C. 2006)).  In particular, the exception "applies when non-resident corporations 'keep an office in the District for the purpose of maintaining contact with Congress and governmental agencies.'"  Alkanani v. Aegis Def. Servs., LLC, 976 F. Supp. 2d at 25 (quoting Sierra Club v. Tenn. Valley Auth., 905 F. Supp. 2d 356, 362 (D.D.C. 2012)).

The plaintiffs argue that the TRNC's office is not used for these purposes, but only offer bald conclusory allegations in support of this argument.  See, e.g., Pls. TRNC Opp. at 12 ("The TRNC presence in Washington DC was not for government interaction or contact as clandestinely argued and presented but to assist in the transfer of funds illegally obtained from property belonging to the plaintiffs to bank accounts with HSBC that occur in whole or in part in Washington, DC").  In contrast, the TRNC has provided detailed affidavits describing the TRNC

9

D.C. office's activities and documentation from the U.S. Department of State regarding their representative's status. See TRNC Mot. Ex. 1 ¶¶ 15, 16, 18, 21-25 (affidavit of TRNC Representative Hilmi Akil that the TRNC Office in D.C. exists only to interact with the U.S. government); id. Ex. 3; id. Ex. 4 (letter from the U.S. Dept. of State attesting that Mr. Akil "interacts with Department of State officials on a regular, long-term basis"). The plaintiffs' conclusory allegations are amply outweighed by the TRNC's affidavits and exhibits. The Court concludes that the TRNC's contacts through its D.C. office are properly excluded from consideration regarding personal jurisdiction. Consequently, the TRNC's staffing of that office and banking to fund such activities are also excluded from consideration.

      The plaintiffs' remaining allegations, regarding the website www.trncwashdc.org and the TRNC's failure to pay taxes or register for a business license, also fail. Regardless of the website's ownership, which the parties dispute, the mere accessibility of a website in the District is insufficient to establish minimum contacts. "A website accessible by computers in the District of Columbia, or by District of Columbia residents, is not purposeful availment; rather, it is merely an unavoidable side-effect of modern Internet technology." Doe v. Israel, 400 F. Supp. 2d 86, 121 (D.D.C. 2005). The complaint and the plaintiffs' submissions are devoid of any allegation that District residents actually have accessed the website. See Atlantigas Corp. v. Nisource, Inc., 290 F. Supp. 2d at 52 ("The question is not whether District of Columbia residents 'can' transact business in the District with the non-resident defendant through the defendant's website, but if they actually 'do' . . . ."); see also Alkanani v. Aegis Def. Servs., 976 F. Supp. at 32. Lastly, the TRNC's failure to register for a business license or pay D.C. taxes

10

weighs against finding the TRNC transacts business in the District, absent any factual allegations that the TRNC was required to do either.

In sum, the plaintiffs have failed to allege any specific facts showing that the TRNC transacts business in its District of Columbia office or over the internet, nor have they refuted sworn affidavits and evidence to the contrary. Accordingly, the plaintiffs have not made a *prima facie* showing under Section 13-423(a)(1).

### D. Jurisdiction under Federal Rule of Civil Procedure 4(k)(2)

In the alternative, the plaintiffs assert that the Court may exercise personal jurisdiction over the TRNC pursuant to the federal long-arm statute, Rule 4(k)(2) of the Federal Rules of Civil Procedure. Pls. TRNC Opp. at 17. This Rule allows a district court to exercise general or specific personal jurisdiction over a defendant who lacks sufficient contacts with any single forum, but has such contacts with the United States as a whole. See FED. R. CIV. P. 4(k)(2). Under this Rule, a court may exercise jurisdiction over a defendant "(1) for a claim arising under federal law, (2) where a summons has been served, (3) if the defendant is not subject to the jurisdiction of any single state court, (4) provided that the exercise of federal jurisdiction is consistent with the Constitution (and laws) of the United States." Mwani v. Bin Laden, 417 F.3d at 10.

In support of personal jurisdiction under Rule 4(k)(2), the plaintiffs rely upon the conclusory allegations rejected above and offer only the following additional assertions of fact: the TRNC (1) maintains a "West coast" and "NY" representative, (2) participated in a Small Business Conference in the "Southern United States," and (3) attempted to intervene in litigation

11

in Indiana in 1989. Pls. TRNC Opp. 4-7.[9]  These allegations fail to support personal jurisdiction

under Rule 4(k)(2). First, the plaintiffs' claims do not arise from these contacts, such that this

Court could exercise specific personal jurisdiction. Second, they fall far short of demonstrating

that the TRNC is "at home" in the United States, as required for general personal jurisdiction.

The TRNC's contacts with the United States as a whole – just like its contacts with the District

of Columbia – are insufficient to satisfy due process. See Mwani v. Bin Laden, 417 F.3d at

11-12. Consequently, this Court cannot exercise personal jurisdiction under Rule 4(k)(2) of the

Federal Rules of Civil Procedure.[10]

### E.  Jurisdictional Discovery

The plaintiffs request jurisdictional discovery to "show the full extent of

[the TRNC's] contacts and representation made on the website, along with banking and

information relevant and indicative of its nature of business in the District of Columbia,

including meetings, visitors, loans, payments, articles, speaking engagements and business."

Pls. TRNC Opp. at 12-13; see also id. at 15, 17 n.11. Such jurisdictional discovery "lies within

the district court's discretion," Goodman Holdings v. Rafidain Bank, 26 F.3d 1143, 1147 (D.C.

Cir. 1994), and is appropriate "if it could produce facts that would affect [the court's]

---

[9]      With respect to the Small Business Administration conference, the plaintiffs also
state that "[t]he trncwashdc.org website appears with the director of the SBA Mr. Doug Gurley,
who suggests the members, that indicates the trncwashdc.org website/office, provided loans or
funds in the amount of $75,000.00 to assist businesses affected by hurricane Katrina [sic]." To
the extent the plaintiffs allege that the TRNC contributed to these loans, the plaintiffs own
exhibit clearly states that the loans were provided by the Association of Small Business
Development Centers. Pls. TRNC Opp. Ex. 11 at 1. The record does not indicate, nor have
plaintiffs alleged, that the TRNC is a member of this association.

[10]      Because the Court finds it lacks personal jurisdiction over the TRNC, it does not
reach the TRNC's arguments regarding venue.

12

jurisdictional analysis." Al Maqaleh v. Hagel, 738 F.3d 312, 325-26 (D.C. Cir. 2013).

Jurisdictional discovery is not appropriate, however, "in the absence of some specific indication

regarding what facts additional discovery could produce." Id. The plaintiffs therefore must

"demonstrate with plausible factual support amounting to more than speculation or conclusory

statements that discovery will uncover sufficient evidence" to establish personal jurisdiction.

Simon v. Republic of Hungary, 2014 WL 1873411, at *41 (D.D.C. May 9, 2014); see, e.g.,

El-Fadl v. Cent. Bank of Jordan, 75 F.3d 668, 671 (D.C. Cir. 1996), abrogated on other grounds

by Samantar v. Yousef, 560 U.S. 305 (2010) (plaintiff was entitled to jurisdictional discovery

based upon evidence of specific transactions by defendant bank in the forum).

> The plaintiffs in this case have failed to make this showing, relying only on
conclusory statements that the TRNC advertises and sells property through its D.C. office and
website. See, e.g., Compl. ¶ 49. They have not provided any allegations or evidence regarding
specific transactions, and have provided no evidence to discredit the TRNC's contrary affidavits.
Consequently, jurisdictional discovery is unwarranted, and the plaintiffs' request will be denied.

## II. HSBC DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

> The HSBC defendants move to dismiss all claims against them for failure to state
a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that: (1) the
plaintiffs have failed to allege facts to support imposing liability on the HSBC defendants for the
acts of a Turkish subsidiary; and (2) the complaint fails to place the HSBC defendants on notice
of the claims against them, in violation of Rule 8 of the Federal Rules of Civil Procedure. The
Court agrees and will dismiss the claims against the HSBC defendants.

13

*A.  Legal Standards*

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows dismissal of a complaint if the plaintiffs fail "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests . . . .'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); see also Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, the facts alleged must be "enough to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. at 555.  The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  In re Interbank Funding Corp. Sec. Litig., 629 F.3d 213, 218 (D.C. Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. at 678).

In considering a motion to dismiss under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint."  Bell Atlantic Corp. v. Twombly, 550 U.S. at 555 (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)).  The complaint is construed liberally in the plaintiff's favor, and the Court gives the plaintiff "the benefit of all inferences that can be derived from the facts alleged."  Hettinga v. United States,

14

677 F.3d 471, 476 (D.C. Cir. 2012) (internal quotations omitted). Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept the plaintiff's legal conclusions. Id. (citing Kowal v. MCI Commc'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

### B. Plaintiffs Failed to Adequately Plead Alter-Ego Liability

"It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation . . . is not liable for the acts of its subsidiaries." United States v. Bestfoods, 524 U.S. 51, 61 (1998) (quoting William O. Douglas & Carrol M. Shanks, Insulation from Liability Through Subsidiary Corporations, 39 YALE L.J. 193 (1929)) (internal quotation marks omitted); see also Anderson v. Abbott, 321 U.S. 349, 362 (1944) ("Limited liability is the rule, not the exception"). Only "when the incentive value of limited liability is outweighed by the competing value of basic fairness to parties," may a court "pierce the corporate veil" and hold a parent corporation liable for its subsidiary's actions. Labadie Coal Co. v. Black, 672 F.2d 92, 96 (D.C. Cir. 1982). Veil-piercing is an extraordinary procedure that courts should not use lightly, and only extreme circumstances call for disregard of corporate form. Schattner v. Girard, 668 F.2d 1366, 1370 (D.C. Cir. 1981).

In the District of Columbia, the corporate entity usually will be respected, but a party "may be permitted to pierce the corporate veil upon proof[] that there is (1) unity of ownership and interest, and (2) use of the corporate form to perpetrate fraud or wrong, or other considerations of justice and equity justify it." Lopes v. JetSetDC, LLC, 994 F. Supp. 2d 135, 146 (D.D.C. 2014) (quoting McWilliams Ballard, Inc. v. Broadway Mgmt. Co., Inc., 636 F.

15

Supp. 2d 1, 8 (D.D.C. 2009)).[11]   The D.C. Circuit therefore has found piercing the veil to be

justified when "the corporation, rather than being a distinct, responsible entity, is in fact the alter

ego or business conduit of the person [or corporation] in control." Labadie Coal Co. v. Black,

672 F.2d at 97; see also United States ex rel. Hockett v. Columbia/HCA Healthcare Gr., 498 F.

Supp. 2d 25, 60 (D.D.C. 2007) (quoting AGS Int'l Servs. v. Newmont USA Ltd., 346 F. Supp.

2d 64, 89 (D.D.C. 2004) ("A court can pierce the veil between the parent and subsidiary only

where the parent 'so dominated the subsidiary corporation as to negate its separate

personality.'").  Under this test, "courts generally inquire as to 'whether corporate formalities

have been observed; whether there has been commingling of corporate and shareholder funds,

staff and property; whether a single shareholder dominates the corporation; whether the

corporation is adequately capitalized; and, especially, whether the corporate form has been used

to effectuate a fraud.'" Lopes v. JetSetDC, LLC, 994 F. Supp. 2d at 147 (quoting Ruffin v. New

Destination, LLC, 773 F. Supp. 2d 34, 41 (D.D.C. 2011)).

          The plaintiffs' factual allegations are almost exclusively focused on an alleged

scheme between the TRNC and HSBC A.Ş., a Turkish bank operating in northern Cyprus, to

control and profit from the plaintiffs' property in northern Cyprus. See, e.g., Compl. ¶ 9

("HSBC operates at least three branches in the TRNC that are transacting business and

knowingly support, aid and assist the TRNC to deprive or interfere with the rights to property

---

          [11]       The parties both assume that District of Columbia law governs, and this Court
will "proceed on the same assumption." Maljack Prods., Inc. v. Motion Picture Ass'n of Am.,
Inc., 52 F.3d 373, 375 (D.C. Cir. 1995); see also Riley v. BMO Harris Bank, N.A., 2014 WL
3725341, at *4 n.4 (D.D.C. July 29, 2014) ("[T]he parties agree about the law to be applied in
evaluating this motion and the Court shall respect that agreement"); Doe v. De Amigos, LLC,
987 F. Supp. 2d 12, 15-16 (D.D.C. 2013) (explaining that "courts need not address choice of law
questions *sua sponte*" and "apply[ing] District of Columbia substantive law since both parties
agree that District of Columbia substantive law governs").

16

belonging to the Plaintiffs and the Class via London and Washington, DC"); id. ¶ 52 ("The

TRNC is also aided and supported by businesses and banking institutions like HSBC and

REMAX realtors in financing, marketing and selling properties in the north of Cyprus belonging

to Plaintiffs and the Class").  The plaintiffs thus seek to hold the HSBC defendants liable for the

alleged actions of HSBC A.Ş. – not a defendant in this case – by piercing the corporate veil.  See

Compl. ¶ 8 ("The HSBC banks in the TRNC controlled region are managed and directed by the

parent engaged in the illegal conduct"); Pls. HSBC Opp. at 16 ("There is no doubt that HSBC

will be continuing its illegal operations with impunity if allowed[;] therefore piercing the veil of

HSBC is allowable under the circumstances in this matter").  The plaintiffs, however, have failed

to adequately plead facts supporting their argument that piercing the corporate veil is warranted

in this case.

        To justify piercing the corporate veil, the plaintiffs allege that: (1) HSBC

Holdings exercises control over its subsidiaries and manages their affairs and daily operations

relating to the "fraudulent property scheme"; (2) the HSBC banks in the TRNC are managed and

directed by HSBC Holdings; and (3) "[t]he exclusive control and direction of the acts

complained of . . . occur from a common management and board of directors regardless of

location and specifically involve London, Washington DC and the TRNC controlled north of

Cyprus."  Compl. ¶¶ 8-9.  In support of these allegations, however, the plaintiffs again offer only

conclusory statements in place of factual allegations.  See, e.g., id. ¶ 8 ("There is no separation

between the subsidiaries and the parent.  HSBC with common management and direction

associated in the illegal enterprise[,] exercises control over the subsidiaries and manages the

affairs and day to day operations as it relates to the fraudulent property scheme involved in the

17

north of Cyprus through the TRNC . . ."). These bare recitations of the requirements for alter-

ego liability fail to plausibly allege that the HSBC defendants do not maintain separate identities

or that the failure to hold the HSBC defendants liable would "sanction a fraud, promote justice,

or lead to an evasion of legal obligations." Bufco Corp. v. NLRB., 147 F.3d 964, 969 (D.C. Cir.

1998); see also Bell Atlantic Corp. v. Twombly, 550 U.S. at 555 (A plaintiff's obligation to state

a claim "requires more than labels and conclusions, and a formulaic recitation of the elements of

a cause of action will not do . . .").

## C. Plaintiffs Failed to Adequately Plead Alternative Forms of Liability

Generally, a plaintiff cannot satisfy the minimum pleading requirements under

Rule 8 of the Federal Rules of Civil Procedure by "lumping all the defendants together in each

claim and providing no factual basis to distinguish their conduct." Atuahene v. City of Hartford,

10 Fed. Appx. 33, 34 (2d Cir. 2001); accord Melegrito v. CitiMortgage Inc., 2011 WL 2197534,

at *6 (N.D. Cal. June 6, 2011) ("Under Rule 8(a), grouping multiple defendants together in a

broad allegation is insufficient to provide the defendants with fair notice of the claims against

them and the grounds for relief"); Bates v. Nw. Human Servs., Inc., 466 F. Supp. 2d 69, 85

(D.D.C. 2006) (dismissing plaintiffs' RICO claim for, inter alia, "generally neglect[ing] to

distinguish between the defendants when describing the factual underpinnings of the

complaint"). Instead, a plaintiff must provide each defendant with "fair notice of each claim and

its basis." Caldwell v. Argosy Univ., 797 F. Supp. 2d 25, 27 (D.D.C. 2011) (quoting Sparrow v.

United Air Lines, Inc., 216 F.3d 1111, 1118 (D.C. Cir. 2000)).

The plaintiffs allege "independent liability for each HSBC entity" on the basis of

"its involvement in illegal transactions to and from the occupied territory and 'TRNC' and from

18

there to and from London and Washington DC."  Pls. HSBC Opp. at 1 n.3; <u>see also</u> <u>id.</u> at 12

("HSBC ignores that it is liable for its own failures to supervise and prohibit such illegal

transactions").  But the plaintiffs fail to distinguish between each entity, simply referring to all

HSBC defendants collectively throughout the complaint and their briefing.  <u>See</u> Compl. ¶ 8

("hereinafter all HSBC institutions mentioned are collectively referred to as 'HSBC'");

Pls. HSBC Opp. at 1 n.3 ("For the purposes of this Opposition, HSBC USA (subsidiary), and

HSBC Holdings, PLC (parent) will be considered one and the same").  The claims against the

HSBC defendants do not even distinguish between the TRNC and the HSBC defendants.  <u>See,</u>

<u>e.g.</u>, Compl. ¶ 86 ("The Defendants, jointly and individually, did willfully and without right

forcibly intrude on the property, personal and realty, of the Plaintiffs and the Class").  It

therefore is impossible for the Court or the defendants to determine what factual allegations

pertain to HSBC A.Ş., the Turkish subsidiary, HSBC U.S.A., HSBC Group, or HSBC Holdings.

Consequently, plaintiffs' claims under alternative theories of liability, if any, fail to provide fair

notice to the HSBC defendants and will be dismissed for failure to comply with Rule 8 of the

Federal Rules of Civil Procedure.[12]

### III.  PLAINTIFFS' MOTION FOR LEAVE TO AMEND

                    Under Rule 15 of the Federal Rules of Civil Procedure, the Court "will freely give

leave [to amend a complaint] when justice so requires," FED. R. CIV. P. 15(a)(2), and "[i]t is

common ground that Rule 15 embodies a generally favorable policy toward amendments."

---

[12]        The HSBC defendants also argue that HSBC Group is a fictional entity and thus
lacks the capacity to be sued.  The plaintiffs appear to have conceded this point because HSBC
Group is removed as a defendant in the proposed third amended complaint.  Mot. to Amend
Ex. 1.  The Court does not reach this argument, however, because the complaint fails to comply
with Rule 8 of the Federal Rules of Civil Procedure.

19

Howard v. Gutierrez, 237 F.R.D. 310, 312 (D.D.C. 2006) (quoting Davis v. Liberty Mut. Ins.

Co., 871 F.2d 1134, 1136-37 (D.C. Cir. 1989)).  Leave may be denied, however, due to "undue

delay, bad faith, undue prejudice to the opposing party, repeated failure to cure deficiencies, or

futility."  Richardson v. United States, 193 F.3d 545, 548-49 (D.C. Cir. 1999) (citing Foman v.

Davis, 371 U.S. 178, 182 (1962)).  Where the proposed amendment would not survive a motion

to dismiss or motion for judgment on the pleadings, leave may be denied on the grounds of

futility.  See Willoughby v. Potomac Elec. Power Co., 100 F.3d 999, 1003 (D.C. Cir. 1996);

Elliott v. Fed. Bureau of Prisons, 521 F. Supp. 2d 41, 49 (D.D.C. 2007); Black v. Nat'l Football

League Players Ass'n, 87 F. Supp. 2d 1, 6 (D.D.C. 2000).

        The proposed third amended complaint would (1) join 758 individual plaintiffs

"seek[ing] redress of claims based on the same conduct, transactions and occurrences . . . in

Plaintiffs' prior pleadings," Pls. Mot. to Amend at 1, and (2) add claims for common law fraud

and trespass to chattel.  Id. Ex. 1 ¶¶ 138, 143.  The amendments, however, cure none of the

jurisdictional defects regarding the TRNC, compare Compl. ¶ 2 with Pls. Mot. to Amend

Ex. 1 ¶ 2,  do not plead additional facts to state a claim against the HSBC defendants, and still do

not distinguish among the individual HSBC defendants.  See Pls. Mot. to Amend. Ex. 1 ¶ 12.

The proposed amendments therefore "would not alter this Court's analysis in any way, and thus

would be futile."  Sierra Club v. U.S. Army Corps. of Eng'rs, 2014 WL 4066256, at *5 n.5

(D.D.C. Aug. 18, 2014).  Accordingly, the plaintiffs' motion for leave to file an amended

complaint is denied.

20

## IV. CONCLUSION

For the foregoing reasons, the Court issued an Order on September 30, 2014,

granting both the TRNC's and the HSBC defendants' motions to dismiss. The Court also denied

the plaintiffs' motion for leave to amend. As there are no remaining defendants, the Court

dismissed this action with prejudice.

SO ORDERED.

/s/_____

PAUL L. FRIEDMAN
United States District Court

DATE: October 9, 2014

21