RECORD NO. 14-7170

ORAL ARGUMENT HAS NOT YET BEEN SCHEDULED

In The

# United States Court of Appeals

## For The District of Columbia Circuit

## MICHALI TOUMAZOU; NICOLAS KANTZILARIS; MAROULLA TOMPAZOU, Individually and on behalf of all others Similarly Situated,

*Plaintiffs – Appellants*,

v.

## TURKISH REPUBLIC OF NORTHERN CYPRUS, An unincorporated association of organized crime, also known as TRNC; HSBC Holdings PLC; HSBC Group; HSBC Bank USA, N.A.; Mehmet Ali Talat, Leader TRNC,

*Defendants– Appellees.*

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

———————————

### PAGE PROOF BRIEF OF APPELLANTS

———————————

**Athan T. Tsimpedes**
**TSIMPEDES LAW FIRM**
**11 Dupont Circle, NW, Suite 500**
**Washington, DC  20036**
**(202) 464-9910**

*Counsel for Appellants*

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

The following information is provided pursuant to the Court's Order and

D.C. Circuit Rule 28(a)(1):

**A.    Parties, Intervenors and *Amici***

The following parties were named in the district court:

**Plaintiffs/Appellants**: Michali Toumazou, Nicolard Kantzilaris, and

Maroulia Toumpazou. As well as the plaintiffs identified by the district court in its

Orders now on appeal or in the related cases that will be identified and provided by

separate cover.

**Defendants/appellees:** Turkish Republic of Northern Cyprus, HSBC

Holdings PLC, HSBC Bank USA, N.A, and Mehmet Ali Talat; and all defendants

named in the related cases otherwise identified.

**B.    Rulings Under Review.**

The rulings under review are all Orders of the U.S. District Court For the

District of Columbia (Friedman, J.), in case no. 1:09---1967 including but not

limited to Orders entered on September 30 2014, October 9, 2014, granting

Defendant---Appellee Turkish Republic of Northern Cyprus' motion to dismiss for

lack of personal jurisdiction, and granting Defendants--- Appellees HSBC

Holdings PLC and HSBC Bank USA, N.A.'s motion to dismiss for failure to state

a claim; and the Orders in the related cases dismissed on October 31, 2014 as a result of similar issues involved.

**C.    Related cases.**

The following are related cases identified by the court in it Orders dated September 30, 2014 and/or October 9, 2014 that is being appealed; District Court for the District of Columbia: *Fiouris, et al. v. Turkish Cypriot Community, et al.,* Case No. 10--- 1225, dismissed October 31, 2014 and *Latchford, et al. v. Turkish Republic of Northern Cyprus, et al.,* Case No. 12---0846, dismissed October 31, 2014. This case has not previously been before this Courtor any court other than the U.S. District Court for the District of Columbia.

Respectfully submitted,

/s/Athan T. Tsimpedes

# TABLE OF CONTENTS

**Page**

CERTIFICATE AS TO PARTIES, RULINGS AND RELATED CASES ................

TABLE OF CONTENTS ..........................................................

TABLE OF AUTHORITIES......................................................

STATEMENT OF SUBJECT MATTER AND
APPELLATE JURISDICTION...................................................

STATEMENT OF THE ISSUES ...............................................

STATUTES AND REGULATIONS .........................................

STATEMENT OF THE CASE ..................................................

SUMMARY OF THE ARGUMENT ..........................................

ARGUMENT ........................................................................

      WHETHER THE US DISTRICT COURT FOR THE DISTRICT IF
      COLUMBIA ERRED IN GRANTING DEFENDANT "TRNC" -
      APPELLEES MOTION TO DISMISS DUE TO LACK OF
      PERSONAL JURISDICTION, WHICH IS AN ISSUE OF LAW
      REVIEWED *DE NOVO*.................................................

      STANDARD OF REVIEW ...........................................

      A.      PERSONAL JURISDICTION................................

         1.    Specific Jurisdiction .................................

SUMMARY OF ARGUMENT AND FACTS THAT ESTABLISH
JURISDICTION AND CAUSES OF ACTION AGAINST THE "TRNC"
AND HSBC DEFENDANTS.....................................................

A.    Personal Jurisdiction Over the TRNC is based on Non US Government contacts, its Agent's Affidavit and published website materials that are based on or relate to the Plaintiffs' cause of action, in that the property belonging to the Plaintiffs' and the Class are falsely advertised as abandoned or made available for purchase through TRNC titles ...........................................

B.    Nationwide Contacts................................................................................

C.    Due Process.............................................................................................

CONCLUSION .......................................................................................................

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*A.I. Trade Finance, Inc. v Petra Int'l. Banking Corp.*,
     62 F.3d 1454 (DC Cir. 1995) ...........................................................

*Al Maqaleh v. Hagel*,
     738 F.3d 312 (D.C. Cir. 2013) .........................................................

*Alkanani v. Aegis Def. Servs., LLC*,
     976 F. Supp. 2d 1 (D.D.C. 2013) ......................................................

*Asahi Metal Indus. Co. v. Superior Court*,
     480 U.S. 102 (1987) ...........................................................................

*Atlantigas Corp. v. Nisource, Inc.*,
     290 F. Supp. 2d 34 (D.D.C. 2003) ....................................................

*Autocephalous Greek Orthodox Church of Cyprus, et al v. Goldberg, et al*,
     917 F.2d 278 (7th Cir. 1990)..............................................................

*Autocephalous Greek Orthodox Church v. Goldberg*,
     717 F. Supp. 1374 (IN. 1989) ...........................................................

*Autocephalous Greek Orthodox Church, et al v. Goldberg, et al*,
     916 F.2d 278 (7th Cir. 1990)..............................................................

*Brunson v. Kalil & Co.*,
     404 F. Supp. 2d 221 (D.D.C. 2005) ..................................................

*Burger King Corp. v. Rudzewicz*,
     471 U.S. 462 (1985)............................................................................

*Caribbean Broad. Sys. Ltd. v. Cable & Wireless PLC*,
     148 F.3d 1080 (D.C. Cir. 1998) ........................................................

*\*Chief Authorities are marked with an asterisk*

*Crane v. N.Y. Zoological Soc'y,*
    894 F.2d 454 (D.C. Cir. 1990) ........................................................................

*Cybersell. Inc. v. Cybersell. Inc.,*
    130 F.3d 414 (9th Cir. 1997)..........................................................................

*Daimler AG v. Bauman,*
    134 S. Ct. 746 (2014) ......................................................................................

*Dooley v. United Technologies Corp.,*
    786 F. Supp. 65 (D.D.C. 1992) ......................................................................

*Dorman v. Thornburgh,*
    740 F. Supp. 875 (D.D.C.1990), *aff'd in part and appeal
    dismissed in part*, 955 F.2d 57 (D.C.Cir. 1992)..............................................

*Edmond v. United States Postal Serv. Gen. Counsel,*
    949 F.2d 415 (D.C. Cir. 1991) .......................................................................

*Edmond v. United States Postal Serv. Gen. Counsel,*
    953 F.2d 1398 (D.C. Cir. 1992) .....................................................................

*El-Fadl v. Cent. Bank of Jordan,*
    75 F.3d 668 (D.C. Cir. 1996), *abrogated on other grounds by
    Samantar v. Yousef*, 560 U.S. 305 (2010).......................................................

*Elliott v. Foufas,*
    867 F.2d 877 (5th Cir. 1989)..........................................................................

*Exponential Biotherapies, Inc. v. Houthoff Buruma N.V.,*
    638 F. Supp. 2d 1  (D.D.C. 2009) ..................................................................

*FC Investment Group  LC v. IFX Markets Ltd.,*
    529 F.3d 1087 (D.C. Cir. 2008) .....................................................................

*Firestone v. Firestone,*
    76 F.3d 1205 (D.C. Cir. 1996) .......................................................................

*Foman v. Davis,*
    371 U.S. 178 (1962) ........................................................................................

*Goodman Holdings v. Rafidain Bank*,
    26 F.3d 1143 (D.C. Cir. 1994) ......................................................................

*Goodyear Dunlop Tire Operations, S.A. v. Brown*,
    131 S. Ct. 2846 (2011) ......................................................................

*GTE New Media Servs. v. BellSouth Corp.*,
    199 F.3d 1343 (D.C. Cir. 2000) ......................................................................

*Hasenfus v. Corporate Air Servs.*,
    700 F. Supp. 58 (D.D.C. 1988) ......................................................................

*Helicopteros Nacionales de Colombia v. Hall*,
    466 U.S. 408 (1984) ......................................................................

*Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*,
    456 U.S. 694 (1982) ......................................................................

*International Shoe Co. v. Washington*,
    326 U.S. 310 (1945) ......................................................................

*James Madison Ltd. v. Ludwig*,
    82 F.3d 1085 (D.C. Cir. 1996) ......................................................................

*Kopff v. Battaglia*,
    425 F. Supp. 2d 76 (D.D.C. 2006) ......................................................................

*Mandelkorn v. Patrick*,
    359 F. Supp. 692 (D.D.C. 1973) ......................................................................

*Millenium Square Residential Ass'n v. 2200 M St., LLC*,
    952 F. Supp. 2d 234 (D.D.C. 2013) ......................................................................

*Mwani v. Osama bin Laden*,
    417 F.3d 1 (D.C. Cir. 2005) ......................................................................

*Naartex Consulting Corp. v. Watt*,
    722 F.2d 779 (D.C. Cir. 1983), *cert. denied sub nom.*
    *Naartex Consulting Corp. v. Clark*, 467 U.S. 1210 (1984) ..............................

*Novak-Canzeri v. Saud*,
    864 F. Supp. 203 (D.D.C. 1994) ......................................................................

*Plan Comm. v. Pricewaterhousecoopers, LLP*,
    2007 WL 1191917 (D.D.C. Apr. 20, 2007) ....................................................

*Robinson v. Detroit News, Inc.*,
    211 F. Supp. 2d 101 (D.D.C. 2002) ...............................................................

*Second Amendment Found. v. U.S. Conference of Mayors*,
    274 F.3d 521 (D.C. Cir. 2001) .........................................................................

*Shaffer v. Heitner*,
    433 U.S. 186 (1977) .........................................................................................

*Simon v. Republic of Hungary*,
    2014 WL 1873411 (D.D.C. May 9, 2014) ......................................................

*Triad at Jeffersonville I, LLC v. Leavitt*,
    563 F. Supp. 2d 1 (D.D.C. 2008) ....................................................................

*United States v. Ferrara*,
    54 F.3d 825 (D.C. Cir. 1995) ...........................................................................

*United States v. Trucking Employers, Inc., II and III*,
    72 F.R.D. 101 (D.D.C. 1976) and 75 F.R.D. 6821 (D.D.C. 1977) ..................

*Urban Inst. v. FINCON Servs.*,
    681 F. Supp. 2d 41 (D.D.C. 2010) ..................................................................

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980) .........................................................................................

## STATUTES

D.C. Code § 13-423 ...................................................................................................

18 U.S.C. § 1962 .......................................................................................................

18 U.S.C. § 1964(c) ..................................................................................................

28 U.S.C. § 1291 .................................................................................

28 U.S.C. §§ 1602, *et seq.* ...............................................................

28 U.S.C. § 1330 .................................................................................

28 U.S.C. § 1333 .................................................................................

31 U.S.C. § 5311 *et seq.* ...................................................................

31 U.S.C. § 5318(h)(1) .......................................................................

31 U.S.C. § 5318(i)(1) ........................................................................

31 U.S.C. § 5318(I)(1) ........................................................................

D.C. Code § 13-423(a)(1).....................................................................

D.C. Code § 13-423(b) ........................................................................

**REGULATION**

Title 12, Code of Federal Regulations, § 21.21 .........................................

**RULES**

Fed. R. Civ. P. 4(k)(2) ........................................................................

Fed. R. Civ. P. 12(b)(2) ......................................................................

Fed. R. Civ. P. 15(a)(2) .......................................................................

Fed. R. Civ. P. 17(b)(3) .......................................................................

Fed. R. Civ. P. 23(a) ...........................................................................

**OTHER AUTHORITIES**

*DC ST § 2-1402.21. The conduct of the TRNC towards Greek Cypriots
consisting of the Plaintiffs and the Class is clearly against the public policy
of the District of Columbia Government* ....................................................................

Damages in Class Actions: Determination and Allocation
10 B.C. INDUS. & COM. L. REV. 615 (1969) ..........................................................

*NEWBERG ON CLASS ACTIONS* § 1148 (1977)......................................................

UN Sec. Counsel. Res. 541 (1983)............................................................................

*WRIGHT & MILLER. FEDERAL PRACTICE & PROCEDURE:
CIVIL* § 1770 (1972) ................................................................................................

## STATEMENT OF SUBJECT MATTER AND
## APPELLATE JURISDICTION

The District Court of the District of Columbia had jurisdiction under DC

Code Sec. 13-423 and 28 USC 1333, 1330[1] and 18 U.S.C. §1964(c), the RICO

statute.

Appellate Jurisdiction from the district court's order resides in 28 USC

1291. The district court Order was entered on September 29, 2014 and the

memorandum opinion entered on October 9, 2014 on civil action No.: 09-1967

with related cases, *Fiouris, et al v. TRNC et al., case no. 10-1225 and Latchford, et*

*al v. TRNC et al., case no. 12-00846* dismissed based on the same order.

Appellants timely filed their appeal on October 29, 2014

### STATEMENT OF THE ISSUES

1.      Whether the US District Court for the District for Columbia erred in

granting Appellee TRNC's Motion to Dismiss due to lack of personal jurisdiction,

without an evidentiary hearing and without jurisdictional discovery, particularly

where the internet website consisting of commercial acts was taken down without

the opportunity for Appellants' and the Class to cross examine the motives and

circumstances regarding it.

---

[1] The Republic of Turkey was to be rejoined in the Proposed 3rd Amended Complaint and
the commercial activity exception to Foreign Sovereign Immunity would apply as indicated
in Plaintiffs' Motion for Leave to Amend to file their 3rd Amended Complaint.

2.      Whether the US District Court for the District for Columbia erred in granting Appellee HSBC's, Motion to Dismiss due to failure to state a cause of action without an evidentiary hearing and without jurisdictional discovery, particularly where TRNC and HSBC are co-conspirators and are in exclusive possession and control of concealed non-public information; and where they were found to violate the rights of the Plaintiffs' and the Class in the same fraudulent property scheme in the United Kingdom.

## STATUTES AND REGULATIONS[2]

## STATEMENT OF THE CASE

The United States Court of Appeals for the 7th Circuit, in affirming a decision where TRNC sought to intervene in litigation involving property in the north of Cyprus by wrongfully claiming title to the property, quoted the Siege of Corinth by Lord Byron: "As Byron's poems laments, war can reduce our grandest and most sacred temples to mere 'fragments of stone'. Only the lowest of scoundrels attempt to reap personal gain from this collective loss. Those who plundered the churches and monuments of a war-torn Cyprus, hoarded their relics away, and are now smuggling and selling them for large sums, are just such blackguards" See *Autocephalous Greek Orthodox Church of Cyprus, et al v.*

---

[2] Identified in the Table of Contents  or to be included in the deferred jointappendix

*Goldberg, et al*, 917 F.2d 278 (7th Cir. 1990). The court rightfully resolved the title issue in favor of the Church of Cyprus. Id.

On October 19, 2009, the plaintiffs filed the instant proposed class action suit bringing varied claims[3], alleging that the TRNC unlawfully interfere with their property, real and personal, in north of the Republic of Cyprus (ROC) in 1974, Compl. ¶¶ 10-14, 18-20, and has masterminded a broad scheme to profit from and sell these properties "in the United States, Europe and around the world with the aid, assistance and support of HSBC." Id. ¶ 45.5 Plaintiffs allege that the HSBC defendants "do business with the TRNC through the illegally occupied areas in the north of the ROC and the United States and knowingly aid, assist, support and benefit from the fraudulent property scheme of the TRNC." Id. ¶ 46.  This lawsuit brought as a result of the interference and deprivation of the rights towards property belonging to the Plaintiffs and the Class by "TRNC"  from at least 1983 and continue to do so to the present includes personal and real property (See Sec. Am. Comp. ¶¶ 2,3,8,9,10, 17-21, 31, 34, 35, 39-42, 45-60, 64-71; TAC ) that publishes and advertises properties belonging to displaced Greek Cypriots consisting of the plaintiffs and the Class for sale at the office in the District of

---

[3]     Plaintiffs' and the Class filed a Third Amended Complaint (TAC) additional federal question jurisdiction based on RICO alleging the racketeering ???  18 US 1962??

Columbia which a has a dedicated website, trncwashdc.org manufactured and created in or around the District of Columbia.

Specifically, the plaintiffs and the Class have brought claims for: (1) interference and denial of property rights including access, use and enjoyment of property; (2) violation of international and customary law; (3) civil conspiracy; (4) aiding and abetting; (5) unjust enrichment; (6) violation of the Lanham Act; (7) intentional interference with property rights; and (8) and accounting. Compl. ¶¶ 85-134.

Plaintiffs' proposed Third Amended Complaint ("TAC") sought to join additional plaintiffs for claims based on the same conduct, transactions and occurrences alleged against Defendant TURKISH REPUBLIC OF NORTHERN CYPRUS (hereinafter, "TRNC")  in Plaintiffs' prior pleadings. **See Pls' Motion for Leave (*Compare* Complaint, ¶¶ 13-55 and Third Amended Complaint, ¶¶ 15-112).**  The TAC also joins HSBC Holdings, PLC and HSBC Bank U.S.A., N.A. based on their active involvement in the conduct, transactions and occurrences alleged against Defendant TRNC in Plaintiffs' prior pleadings. The TAC also re-joins the Republic of Turkey based on that nation's culpability in the mass evictions and for the continuing restraints on the Plaintiffs' use and enjoyment of their properties in northern Cyprus.  The Plaintiffs' claims against Turkey arise from the conduct, transactions and occurrences alleged against Defendant TRNC in

Plaintiffs' prior pleadings.  The proposed TAC also alleges a "commercial activity" exception to Turkey's immunity from suit under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602, *et seq*.

The TAC alleges additional claims in law and equity: common law fraud (Count III, ¶¶ 127-132); Lanham Act violations (Count VII, ¶¶ 150-154); intentional interference with prospective business activity/contract (Count VIII, ¶¶ 155-158); trespass (Counts IX and X, ¶¶ 159-163); and an accounting (Count XI, ¶¶ 164-168).  The added claims arise directly from the same conduct, transactions and occurrences alleged against Defendant TRNC in Plaintiffs' prior pleadings. There is no prejudice to TRNC in adding new claims since the case is in a preliminary stage and TRNC has been on notice since the filing of the initial Complaint of the facts and occurrences giving rise to the added claims.

It is the TAC that will be the focus of the brief as it was denied for futility by the district court. However, the facts alleged in the TAC supports personal jurisdiction over the TRNC and the plausibility that Plaintiffs and the Class have stated a causes of action of action against HSBC.

US Department of State website has issued warnings about the title of the property, yet HSBC knowingly assisted the TRNC in interfering with the rights to property of hundreds of thousands of individuals, including the Plaintiffs and the Class (Id.).  The "TRNC", illegally governs, sells, finances, rents, leases,

advertises, taxes, profits and markets the properties, businesses and lands

belonging to the Plaintiffs' and the Class to others, including third parties, under a

fraudulent property scheme involving the HSBC defendants (and HSBC Group),

real estate brokers and other companies located in the U.S and elsewhere involving

website including but not limited to the trncwshdc.org created, controlled and

operated by from the TRNC office in Washington DC **(Id).; See Also TAC Ex. 1

and 5).**   The related cases of Latchford v. HSBC is incorporated herein with a

special emphasis that establishes that HSBC does in fact deal with illegal property

transactions TRNC title which in fact belong to Greek Cypriots, consisting of the

Plaintiffs and the Class underlying the action of this appeal.

## SUMMARY OF THE ARGUMENT

The "TURKISH REPUBLIC OF NORTHERN CYPRUS" aka "TRNC" is

an illegal commercial enterprise committing illegal acts in the US and around the

world. The illegal commercial enterprise operates under the trade name "TRNC"

through an organized federation of conspirators, that are actively engaged in the

advertising, marketing, financing, encumbering, developing, renting, leasing or

selling of property based on fraudulent title, falsely and illegally issued or

represented to the detriment of the Plaintiffs and the Classes (hereinafter referred

to as the "Illegal Commercial Enterprise" or "ICE").  The ICE is aided and

supported by the HSBC defendants, which has assisted the "TRNC" in laundering

money obtained from its illegal operations by wire in and out of the northern part

of the Republic of Cyprus[4] related to the fraudulent property scheme.  The United

States does not recognize a "Turkish Republic of Northern Cyprus" or "TRNC" as

a sovereign state and has quite the contrary condemned it, leaving no doubt that its

use and existence in the US and elsewhere in the civilized world is designed to

negate the condemnations and to conceal its true intent to harm the Plaintiffs and

the Classes. (See UN Sec. Counsel. Res. 541 (1983). **See TAC ¶¶** 36, 40, 41,

42,43, 44, 45, 47, 48, 49,50, 51-57, 61-75, 81-145.


## ARGUMENT

### WHETHER THE US DISTRICT COURT FOR THE DISTRICT OF COLUMBIA ERRED IN GRANTING TRNC's MOTION TO DISMISS DUE TO LACK OF PERSONAL JURISDICTION

The Court must first determine whether due process applies to the TRNC as

an entity, which if it does not apply, no protections should apply to TRNC, which

is nothing more than an association formed for the purpose of organized crime,

akin to outlawry. Nevertheless,  Appellants' will show the required minimal

---

[4] When using the term "Republic of Cyprus" (hereinafter referred to as "ROC") it shall also mean and be interchangeable with "Cyprus."  Likewise, reference to the "north", "northern part", "occupied north", "occupied territories" or "occupied areas" of Cyprus shall mean the areas recognized to be within the jurisdiction of the ROC as the only recognized State and Government on the island despite not having effective control over these areas that are occupied illegally by TURKEY'S military, agents and authorities including those operating under the so called "TRNC" trade name.

contacts exist to establish personal jurisdiction regardless of whether due process is actually afforded to the "TRNC"

**STANDARD OF REVIEW?**

### A.     PERSONAL JURISDICTION

When personal jurisdiction is challenged under Rule 12(b)(2), the plaintiff bears the burden of establishing a factual basis for asserting personal jurisdiction over a defendant. *See Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990).  Plaintiffs "can satisfy that burden with a prima facie showing.'" *See Mwani v. bin Laden*, 417 F.3d 1, 7 (D.C. Cir. 2005) (*quoting Edmond v. United States Postal Serv. Gen. Counsel*, 949 F.2d 415, 424 (D.C. Cir. 1991)). To do so, the plaintiff cannot rest on bare allegations or conclusory statements but "must  allege specific acts connecting [the] defendant with the forum." See *Second Amendment Found v. U.S. Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001) (internal quotation marks omitted). "To make such a showing, the plaintiff is not required to adduce evidence that meets  the standards of admissibility reserved for summary judgment and trial[;]" but rather, the plaintiffs may "rest [their] arguments on the pleadings, 'bolstered by such affidavits and other written materials as [they] can otherwise obtain.'" *Urban Inst. v. FINCON Servs.*, 681 F. Supp. 2d 41, 44 (D.D.C. 2010) (quoting *Mwani*, 417 F.3d at 7).

There are two types of personal jurisdiction that a court can exercise, general jurisdiction and specific jurisdiction.  Both[5] basis of personal jurisdiction were at issue before the district court, however, due to changes in law occurring during the pendency of the litigation cited by the court, specific jurisdiction is the focus of this appeal[6].

### 1.     Specific Jurisdiction

Determining whether D.C. Code § 13-423(a)(1) authorizes specific personal jurisdiction requires a two-part inquiry: (1) whether the defendant has "transacted business" in the District of Columbia; and (2) whether the plaintiffs' claims "arise

---

[5] A court may assert jurisdiction over a foreign defendant "'to hear any and all claims against [it]' only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive 'as to render [it] essentially at home in the forum state.'" *Daimler AG v. Bauman*, 134 S. Ct. 746, 751 (2014) (*quoting Goodyear Dunlop Tire Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011); *see also Goodyear*, 131 S. Ct. at 2853 (*quoting International Shoe v. Washington*, 326 U.S. 310, 318  (1945) (General jurisdiction consists of ''instances in which the continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities.'')

[6] Appellants were not provided any discovery for any defendants and note the court in *Daimler AG v. Bauman*, 134. S.Ct. 746 (2014) provide jurisdictional discovery to the plaintiff prior to dismissal.  Without having the opportunity of limited jurisdictional discovery, Plaintiffs' direct the court's attention to the Certificate of Occupancy which states there is a change in ownership in the realty used as office space operating as the TRNC offices used to employ and direct activities unrelated to US Government contacts as further stated herein.  Owning property is basis for exercising general jurisdiction, albeit through proxies like the representatives Hilmi Akil, Osman Ertug, and other named and unnamed individuals identified in this brief and/or the Appendix that would alone serve as a sufficient basis to exercise personal jurisdiction.

from" the business transacted. See, e.g., *Alkanani v. Aegis Def. Servs., LLC*, 976 F. Supp. 2d at 21 (citing D.C. Code §§ 13-423(a)(1) and (b)). Specific jurisdiction thus "requires a nexus between a foreign corporation's particular contact with the District of Columbia and the claim that the plaintiff asserts." *Id. (citing Novak-Canzeri v. Saud*, 864 F. Supp. 203, 206 (D.D.C. 1994)).  "[The] 'transacting any business' clause has been interpreted to provide jurisdiction to the full extent allowed by the Due Process Clause." *See United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995); *see also Brunson v. Kalil & Co.*, 404 F. Supp. 2d 221, 237 (D.D.C. 2005). "Transacting business" therefore requires that the TRNC "purposefully avail[ed] itself of the privilege of conducting business within the forum state" and that it has established sufficient minimum contacts in the forum state so that it "should reasonably anticipate being haled into court there." *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985); *see Atlantigas Corp. v. Nisource, Inc.*, 290 F. Supp. 2d 34, 43 (D.D.C. 2003).

[W]hen ruling upon personal jurisdiction without an evidentiary hearing, a court ordinarily demands only a prima facie showing of jurisdiction by the plaintiffs." *See Mwani v. bin Laden*, 368 U.S.App. D.C. 1, 6, 417 F.3d 1, 6 (2005). In addition, the benefits of jurisdictional discovery denied by the court below was otherwise provided in *Daimler* prior to dismissal that is against the philosophy of policy of the court.

To establish personal jurisdiction over a non-resident, a court must engage in a two part inquiry: a court must first examine whether jurisdiction is applicable under the state's long-arm statute and then determine whether a finding of jurisdiction satisfies the constitutional requirements of due process." See *GTE New Media Servs. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000).

### FACTS THAT ESTABLISH JURISDICTION AND CAUSES OF ACTION AGAINST THE "TRNC" AND HSBC DEFENDANTS

The liability of the HSBC defendants and HSBC Group is supported by the Bank Secrecy Act, Title 31, United States Code, Section 5311 et seq. (the "BSA"), and its implementing regulations to address an increase in criminal money laundering activity through financial institutions. The BSA sets forth the minimum duties that were breached by the HSBC defendants that allowed transactions to occur affecting the rights of the Plaintiffs and the Class while furthering the fraudulent property scheme of the TRNC which used the US banking system to do so and is a source and/or the manner in which the TRNC office in Washington DC receives its funding **(See TAC ¶¶ ; Patriot Act Certificate for HSBC USA Correspondent Bank).** Among other things, the BSA requires domestic banks, insured banks, and other financial institutions such as HSBC to maintain programs designed to detect and report suspicious activity that might be indicative of money laundering, terrorist financing, and other financial crimes, and to maintain certain

11

records and file reports related thereto that are especially useful in criminal, tax, or regulatory investigations or proceedings.

Despite being condemned for its use by the international community and U.S., the "TRNC"/ICE is clearly intended to deceive the public of the District of Columbia, and throughout the world, while continuing to harm the property rights of the Plaintiffs and the Classes. A great example was the recent advertising and marketing by the U.S. singer/actress Jennifer Lopez, by agreement was going to the occupied territory of the ROC, lured by the wrongful acts of the "TRNC"/ICE, to host the grand opening of the Cratos hotel and casino that unbeknownst to Ms. Lopez was erected on property belonging to the displaced persons of the Turkish barbaric invasion of the ROC in 1974.  However, to the credit of Ms. Lopez, she quickly cancelled after being properly informed of the history of the "TRNC" and TURKEY towards civilians [Greek Cypriots consisting of the Plaintiffs and the Class] of the Republic of Cyprus, and stated she "would never knowingly support any state, country, institution or regime that was associated with any form of human rights abuse[7]."  Ms. Lopez, a U.S. citizen, has now been threatened with a lawsuit for her reasoned cancellation.

The involvement of HSBC and the TRNC alleged ownership of property affecting the rights to property of the Plaintiffs' and the Class was unfortunately

---

[7] (See http://www.hurriyetdailynews.com/n.php?n=jennifer-lopez-scraps-cyprus-concert-after-pressure-report-2010-07-09).

12

overlooked by the district court.  The HSBC bank in the occupied areas of Cyprus alleged to be in the "TRNC" used the HSBC Group to launder the monies through a US Correspondent bank and has appointed the HSBC NA to at as an agent for service of process. (**See attached Patriot Act Certificates for HSBC A.S and HSBC PLLC).**  The HSBC banking system has an impact on the US Economy and commerce. If HSBC coordinates accounts for TRNC transactions then the TRNC that benefits on these illegal transactions should be equally imputed to establish jurisdiction.

Through the use of alleged 3rd persons[8] who are actually agents of the TRNC, and the HSBC banking system, the TRNC navigates it's way through the laws of the civilized to harm the rights of US citizens and others consisting of the Plaintiffs' and the Class while it protects outlaws. Pursuant to Title 31, United States Code, Section 5318(h)(1) and Title 12, Code of Federal Regulations, Section 21.21, HSBC Bank USA was required to establish and maintain an anti-money laundering ("AML") compliance program that, at a minimum, provides for: (a) internal policies, procedures, and controls designed to guard against

---

[8] Including but not limited to HSBC Bank A.S and the corresponding HSBC Bank in the USA is obligated under the Banking Secrecy Act to perform due diligence and identify money laundering operations like the one in this case but did not to the detriment of the Plaintiffs and the Class while benefiting from the TRNC scheme through its US based accounts with HSBC. **See Latchford Complaint, Ex. D SOCA v. Robb; See Patriot Act Certificates for HSBC A.S and HSBC PLLC ???  Appendix)**

money laundering; (b) an individual or individuals to coordinate and monitor day-to-day compliance with the BSA and AML requirements; (c) an ongoing employee training program; and (d) an independent audit function to test compliance programs. Pursuant to Title 31, United States Code, Section 5318(i)(1), banks that manage private banking or correspondent accounts in the United States for non-U.S. persons must establish due diligence, and, in some cases, enhanced due diligence, policies, procedures, and controls that are designed to detect and report suspicious activity related to certain specified accounts. For foreign correspondent accounts, the implementing regulations require that the due diligence requirements set forth in Section 5318(i)(1) include an assessment of the money laundering risk presented by the account based on all relevant factors, including, as appropriate: (i) the nature of the foreign financial institutions' business and the market it serves; (ii) the type, purpose, and anticipated activity of the account; (iii) the nature and duration of the bank's relationship with the account holder; (iv) the AML and supervisory regime of the jurisdiction issuing the license for the account holder; and (v) information reasonably available about the account holder's AML record.

The TRNC is also violating DC Law when it seeks to harm only Greek Cypriot property rights, which law prohibits any of the following acts, wholly or

14

partially for a discriminatory reason based on the actual or perceived: race, color, religion, national origin, sex, age, marital status, personal appearance, sexual orientation, familial status, family responsibilities, disability, matriculation, political affiliation, source of income, or place of residence or business of any individual. *See DC ST § 2-1402.21.*  The conduct of the TRNC towards Greek Cypriots consisting of the Plaintiffs and the Class, and the false statements attributed to them on the TRNC website is clearly against the public policy of the District of Columbia Government and in violation of federal law under the Fair Housing Act, Title VIII of the Civil Rights Act[9] of 1968, that prohibits discrimination in the sale, rental, and financing of dwellings, and in other housing-related transactions, based on race, color, national origin, religion, sex, familial status…, and disability. *See 42 U.S.C. 3601 et seq.*

**A.    Personal Jurisdiction[10] Over the TRNC is based on Non US Government contacts, its Agent's Affidavit and published website materials that are based on or relate to the Plaintiffs' cause of action, in that the property belonging to the Plaintiffs' and the Class are falsely advertised as abandoned or made available for purchase through TRNC titles.**

---

[9] Title VI prohibits discrimination on the basis of race, color, or national origin in programs and activities receiving federal financial assistance. Since the "TRNC" admits to being a nonprofit on its certificate of occupancy, its tax-exempt status would be considered federal financial assistance in violating of Title VI. *See 42 U.S.C. 3601*

[10] The TRNC's Motion to Amend the Caption and its Reply before this court is a waiver of personal jurisdiction as it goes beyond the limited appearance to challenge personal jurisdiction and by making its arguments about how it is perceived or prejudiced by the moniker imputed to it in the District of Columbia that was not tailored to any argument limited to US Government contacts.

Through the use of alleged 3rd persons[11] and the HSBC banking system, the

TRNC navigates it's the laws of the civilized to harm the rights of US citizens and

others consisting of the Plaintiffs' and the Class while it protects outlaws. Hilmi

Akil, a known lobbyist and proclaimed representative of the "TRNC" in

Washington DC[12] which is not recognized by the US Government. (See Ex.1;  Ex.2

- Ltr. from US Dept. of State- June 14, 2007 addressed to whom it may concern).

In the eyes of the U.S. Government and the courts, Mr. Akil is a lobbyist given a

business visa to conduct his business and treated as such by the U. S Government.

Ex.2 - 3 -Hl Akil Visa and passport;..  The "TRNC" through its agents are

pervasive, systematic and continuous in the District of Columbia and the United

States since the 1990's that includes references to it as an embassy, government,

"defacto" state or republic, that include seeking litigation in federal court in 1989

on property regarding the same subject matter in this case, including appeal in

1990 to the US Court of Appeals for the 7th Circuit, hiring attorneys, banking

---

[11] Including but not limited to HSBC Bank A.S and the corresponding HSBC USA
who are obligated under the Banking Secrecy Act to perform due diligence and
identify money laundering operations like the one in this case but did not. **See
Latchford Complaint, Ex. D SOCA v. Robb**

[12] There is a distinction made by Mr. Akil between his TRNC Government and the
TRNC Washington DC office which has never been explained in his self serving
affidavit. Of importance, is the Certificate of Occupancy states that the TRNC is a
non profit and that it is the new owner of the property operating its offices in
Washington DC as it reflects a "change in ownership" which at the very least
would provide general jurisdiction under DC law.  If the DC office is something of
a subsidiary operating in the US, the *Daimler* case would not apply.

16

transactions with HSBC, website development for a DC based website unrelated to US Government contacts, hiring employees, meeting with individuals and members of the public which included individuals seeking to buy property at the DC office, advertising property, Tips to buy property, how to buy property, explaining property laws, including property belonging to displaced Greek Cypriots and a false history that the properties were abandoned that is portrayed on the trncwashdc.org website directing members of the public from DC to the DC office.  (See Sec. Am. Comp. ¶¶ 2,3,8,9,10, 17-21, 31, 34, 35, 39-42, 45-60, 64-71; Ex. 2, Ex. 4- Affid. Izzet Zorlu ¶7; Also See Ex's.,5, 7-8).  Mr. Akil admits to publishing articles in the Washington Times which is a local DC newspaper directed to residents of the District of Columbia.

The "TRNC" through its agents has engaged in the following, unrelated to U.S. Government contacts and activities[13] in the District of Columbia:

1)      Hiring employees from the US and abroad as representatives or staff to the District of Columbia , leasing office space[14], hiring and paying lawyers, letterhead, interactive website, phone, email, facsimile, maps and a DC postal address, writing letters to newspapers, speaking at universities , having offices other  "TRNC" representative who are business owners. Opp. to Mot to Dism. Ex. 1-Akil Aff.; Ex.s' 11, 12.

---

[13] (See Sec. Am. Comp. ¶¶ 2,3,8,9,10, 17-21, 31, 34, 35, 39-42, 45-60, 64-71;  Ex. 2, Ex. 4- Affid. Izzet Zorlu ¶7; Also See Ex's.,5, 7-8; TAC ¶¶ 36, 40, 41, 42,43, 44, 45, 47, 48, 49,50, 51-57, 61-145
[14] and possibly owning property as stated in the Certificate of Occupancy in the District of Columbia.

2)    Involved itself in the Small Business Administration's
"Entrepreneur" conference held in the Southern United States after
it allegedly abandoned its website in 2005, that ironically was listed
in SBA document in its conference material of April 2006.  Pls'
Memo. Opp. to MTD by TRNC,  Ex. 9 - Entrepreneur- pp, 60 and
66 in fn. 10, 16.

3)    has banking accounts and conducts transactions with HSBC USA
and its network of institutions under its name and logo that assist in
marketing, sale, advertisement, financing, of properties belonging to
the Plaintiffs and the Class. , (See Sec. Am. Comp. ¶¶ 2,3,8,9,10,
17-21, 31, 34, 35, 39-42, 45-60, 64-71¶, maintained an operated a
website directing members of the public to tits office in Washington
DC with an internet address of [www.trncwashdc.org](www.trncwashdc.org) clearly
identifying itself in the District of Columbia since the 1990's as
admitted by the Defendant. The website was commercial in nature
and unrelated to any US Government contacts in the District of
Columbia (See  Akil Aff. ¶ 28); also Ex.'s 5, 11 and 12; TAC ¶¶

4)    The website material content  includes forms and information for
purchasing property, and other commercial acts, airline fares,
cruises, banking transactions, tourism, hotels, laws, and the address
of the Washington DC office and contact information.  The
trncwashdc.org website was interactive prior to being taken down
only after the lawsuit was filed and had substantial visitors Opp to
Mt to Dism., Ex.'s 5, 16 and 18; TAC ¶¶.

5)    TRNC in agreement with and through the HSBC appellees, transfers
monies to and with whom it conducts business transactions and
maintains bank accounts, to at least pay the over $300,000.00
expenses run through its DC office that paid for the construction,
deployment, maintenance and operation of the trncwashdc.org
website since 1996 and pays to create manufacture, print and
distribute maps to members of the District of Columbia residents,
and other visitors, which website and maps identify the property
belonging to the TRNC to the detriment of the Plaintiffs and the
Class.  **.Akil Affid;  Akil Suppl. Affid, and TAC ¶¶**

6)    The TRNC has authorized a West Coast representative (who
happens to be a business man and operating a substantial company)

18

and a NY Representative all using the title of representative of the "Turkish Republic of Northern Cyprus" that has been alleged to advertise, sell, finance, market properties belonging to the Plaintiffs and the Class.  Opp to Mt to Dism., Ex . 2, 11 , 14 - 16).  TAC ¶ 36, 40, 41, 42,43, 44, 45, 47, 48, 49,50, 51-57,

7)    Mr. Akil admits that the "TRNC" office in Washington DC has been in contact (via e-mail, telephone and the U.S. mail) with business visitors in the District of Columbia.  (Aff. Akil  ¶¶  16, 23, 25, 31).

8)    The HSBC Bank A.S operating in the occupied areas of the Cyprus under the "TRNC" authority and for its benefit, does facilitate the fraudulent property scheme by using the HSBC correspondent bank in the USA to deceptively launder monies to and from HSBC accounts including those belongs TRNC agents[15] in the District of Columbia and from the areas it illegally controls affecting the rights and  property of the Plaintiffs and the Class. **See TAC ¶ 36, 40, 41, 42,43, 44, 45, 47, 48, 49,50, 51-57, 61-**

9)    The TRNC through its agents, use monies obtained from HSBC USA accounts to hire individuals to create a website, with content, and publish the content dedicated to non US Government contacts to further the commercial activities of the TRNC that includes banking, tourism, hotel accommodations and purchasing properties, which properties include those belonging to the Plaintiffs and the Class, with directed to individuals in the District of Columbia and to the offices of the TRNC in Washington DC that visitors patronize. **See Akil Aff. ; TAC ¶¶**

10)    The TRNC dedicated website (trncwashdc.org) to its Washington DC location, provides the false history of the displaced Greek Cypriots and their property that is claimed owned by the TRNC and is for sale, with forms on how to proceed with buying property, including the property from Greek Cypriots, and obtaining titles

---

[15] Including Mr. Akil and other representatives who are used to funds activities unrelated to US Government contacts.

from the TRNC at the website state Aff ¶ 23; TAC ¶ ¶  Mr. Akil
admits to inquiries by members of the public who visit the offices in
the District of Columbia and should they inquire about purchasing
property they are advised to hire an attorney to assist in the TRNC
purchasing process. ¶ 25

11)     TRNC promotes tourism, air fare and hotel accommodations which
is a commercial activity by having maps available for its customers
containing commercial information intended for distribution to
customers or are available for them at the "coffee table" in a
reception room that is obviously unrelated to any US Government
contacts. ¶25

12)     Mr. Akil admits that visitors to the DC office seek to purchase
property that would include property owned by displaced Greek
Cypriots or their families that is published, advertised and marketed as
owned by the TRNC, and that they were allegedly "abandoned" by
Greek Cypriots and that the TRNC will issue title to property to any
investor, and provides them the forms to complete to obtain the TRNC
titled property, is false deceptive and unrelated to US government
contacts but clearly related to the claims of the Plaintiffs and the Class
all occurring in the District of Columbia.  ¶ 25. ; TAC ¶¶

**B.      Conspiracy Theory of Jurisdiction allows the Acts of HSBC to be
imputed to the TRNC to Establish Personal Jurisdiction.**

Under the "conspiracy theory of jurisdiction," "acts within the forum of one

co-conspirator in furtherance of an alleged conspiracy, subject a non-resident co-

conspirator to personal jurisdiction." See *Mandelkorn v. Patrick,* 359 F.Supp. 692,

696 (D.D.C.1973); *See Dooley v. United Technologies Corp.*, 786 F. Supp. 65, 78

(D.D.C.1992). Thus, in order to succeed on the conspiracy theory, plaintiff must

allege 1) the existence of a conspiracy of which the defendants were members and

20

2) overt acts committed in the District of Columbia in furtherance of the conspiracy. *See Dorman v. Thornburgh*, 740 F. Supp. 875, 878 (D.D.C.1990), *aff'd in part and appeal dismissed in part*, 955 F.2d 57 (D.C.Cir. 1992); *Hasenfus v. Corporate Air Servs.*, 700 F.Supp. 58, 62 (D.D.C.1988). However, "[b]ald speculations that defendants are alleged co-conspirators do not constitute a threshold showing necessary to carry the burden of establishing personal jurisdiction" over nonresident defendants under District of Columbia law. *Hasenfus*, 700 F. Supp. at 58.

Plaintiffs' and the Class have alleged in sufficient facts detailing how the TRNC and HSBC Bank A.S or HSBC PLC through its correspondent bank in the US, HSBC  Bank USA N.A., conspire to launder and transfer monies through the US banking system into Washington DC or otherwise assist the TRNC to maintain, operate or fund its operations worldwide and/or DC office operations that include(d) the financing of the website and its false or deceptive content directly related to purchasing property and issuing title to property belonging to the Plaintiffs' and the Class and that such properties were abandoned**.  See TAC 83-111; Latchford Complaint; Ex. D- Socca v. Robb).** Moreover, HSBC and TRNC civil conspiracy violates the Bank Secrecy Act from acts in the District of Columbia or in the US as the illegal benefits procured from the sales of illegal property or tourism occurring on property belonging to the Plaintiffs and the Class

21

are transferred to the District of Columbia office and HSBC bank accounts

controlled or maintained by the TRNC, through its agents[16] in Washington DC.

.TAC ¶¶ , Latchford Compl. ¶¶

    With respect to defendants, the United States Supreme Court has imposed a

minimum contacts analysis. When a controversy is related to or "arises out of" a

defendant's contacts with the forum .... a "relationship among the defendant, the

forum, and the litigation" is the essential foundation of in personam jurisdiction.

*See Shaffer v. Heitner*, 433 U.S. 186, 204 (1977) (noting that the "central concern

of the inquiry into personal jurisdiction" involves "the relationship among the

defendant, the forum, and the litigation").  *See, e.g., Hanson*, 357 U.S. at 253 ("[I]t

is essential in each case that there be some act by which the defendant purposefully

avails itself of the privilege of conducting activities within the forum State, thus

invoking the benefits and protections of its laws."). *World-Wide Volkswagen Corp.*

*v. Woodson*, 444 U.S. 286, 292 (1980). The assertion of personal jurisdiction when

the lawsuit arises out of, or is related to, the defendant's forum contacts is called

"specific jurisdiction." *Id. at 414 n.8.* The assertion of personal jurisdiction when

the lawsuit does not arise out of or is not related to the defendant's forum contacts

is called "general jurisdiction." Id. at 414 n.9

    Consent also plays a role in personal jurisdiction. Even absent minimum

---

[16] The TRNC agents' actions in New York and/or California are imputed under the
nationwide contacts test under FRCP 4k.

contacts, personal jurisdiction will still be found if the defendant expressly or

implicitly consents to suit in the forum state. *See Ins. Corp. of Ireland v.*

*Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982) (discussing

"constructive consent" and noting, "[b]ecause the requirement of personal

jurisdiction represents first of all an individual right, it can, like other such rights,

be waived"). By hiring employees, and lobbyists to conduct hiring on commercial

acts in the District of Columbia or nationwide is constructive if not expressed

consent to the personal jurisdiction of the District of Columbia, especially when

stating it has non profit status that assumes it relies on tax payers funds which has

not been denied by the TRNC.  Moreover, the TRNC's maintenance, control and

use of HSBC bank accounts in the District of Columbia, leasehold if not ownership

of realty in the District of Columbia is consent if not purposeful availment of the

benefits of the District of Columbia that establishes personal jurisdiction.

## C.    An Unincorporated Association Can Be Sued In Its Own Name.

The court also suggest that it is unlikely the TRNC has the capacity to be

sued for state law claims in the District of Columbia, given the plaintiffs' repeated

insistence that the TRNC is an "unincorporated association." *See Opin. ¶ 4-5 fn.6*

*citing Millenium Square Residential Ass'n v. 2200 M St., LLC*, 952 F. Supp. 2d

234, 243 (D.D.C. 2013) (quoting *Plan Comm. v. Pricewaterhousecoopers, LLP*,

2007 WL 1191917, at *3-4 (D.D.C. Apr. 20, 2007)) ("[T]he common law of the

23

District of Columbia is that an unincorporated association may not be sued in its own name"); see also FED. R. CIV. P. 17(b)(3).

As the court has correctly identified the plaintiffs' have filed a class action, which under Federal Rule 23 allows an unincorporated association to be sued in its common name when a federal question or statute is the basis of the subject matter as is the case here. *See* FED. R. Civ. P. 23(a). "One or more members of a class may sue or be sued as representative parties on behalf of all ...." Even the supplemental state law claims would be viewed differently under Rule 23, that would not affect the case for purposes of this appeal[17].  *See United States v. Trucking Employers, Inc., II and III*, 72 F.R.D. 101, 105-07 (D.D.C. 1976) and 75 F.R.D. 682, 687-91 (D.D.C. 1977). 2072 F.R.D. 101, 106 (D.D.C. 1976).

Personal jurisdiction of one defendant or creating a defendant class for personal jurisdiction has been employed in civil rights cases[18] and in actions against unincorporated associations, such as labor unions. *See WRIGHT & MILLER. FEDERAL PRACTICE & PROCEDURE: CIVIL § 1770, at 659 (1972)*. It is most often employed with the ultimate aim of injunctive or declaratory relief

---

[17] If in fact this is an issue upon remand, the issue can be cured on amendment or after jurisdictional discovery is taken to address the nature of the non profit status or entity operating as the TRNC in Washington DC which issued a business visa to its representatives or employees and is used in Washington DC.

[18] Note, Damages in Class Actions: Determination and Allocation 10 B.C. INDUS. & COM. L. REV. 615, 619 (1969).

with respect to a "numerous class of defendants who are engaged in similar practices*." See NEWBERG ON CLASS ACTIONS § 1148, at 251 (1977)*.

In a "federal question" case within the scope of § 1331, there is by definition substantive federal law that governs some aspect of the case from the outset that differs form the State law claims arising under diversity jurisdiction alone affects where one can even initiate a lawsuit. *See A.I. Trade Finance, Inc. v Petra Int'l. Banking Corp.*, 62 F.3d 1454, 1459 (DC Cir. 1995).

### D.      Nationwide Contacts Sufficient For Personal Jurisdiction.

Pursuant to Rule 4(k)(2),8 which states that service establishes jurisdiction if "the defendant is not subject to jurisdiction in any state's courts of general jurisdiction" and "exercising jurisdiction is consistent with the United States Constitution and laws." Fed. R. Civ. P. 4(k)(2).  Under this provision, Plaintiffs are not required to show that there is no jurisdiction in any state court over the TRNC. *See Mwani*, 417 F.3d at 11. Because the TRNC "does not concede to jurisdiction in another state, [this C]ourt may use 4(k)(2) to confer jurisdiction.'' *Id*. "Whether the exercise of jurisdiction is 'consistent with the Constitution' for purposes of Rule 4(k)(2) depends on whether a defendant has sufficient contacts with the United States as a whole to justify the exercise of personal jurisdiction under the Due Process Clause of The Fifth Amendment." *Id*. Accordingly, the inquiry in this case is whether the TRNC has sufficient contacts with the United States as a whole.

The TRNC has contacts throughout the US with non US Government

contacts such as in Maryland where Mr. Akil has a residence, the hiring of a

website designer hired was allegedly located in Towson Maryland, which website

falsely publishes on the internet and media that it was abandoned property and now

claimed it nationalized the property and belongs to its offices in NY where the US

Government contacts exception would be non existent, as well as the hiring of a NJ

attorney, who is a Turkish Cypriot, to serve as local counsel with an Indiana Law

Firm in seeking to claim ownership of property that was smuggled and trafficked

illegally under the TRNC or its predecessor's control from displaced Greek

Cypriots, the Church of Cyprus, who falsely publishes on the internet and media

that it was abandoned property and now  claimed it nationalized the property and

belongs to it. *See Autocephalous Greek Orthodox Church, et al v. Goldberg, et al*,

916 F.2d 278 (7th Cir. 1990); *See also Autocephalous Greek Orthodox Church v.*

*Goldberg*, 717 F. Supp. 1374  (IN. 1989) and are attached as Exhibit 8.

Despite the case law and admonition by the federal court in Indiana and the

7th Circuit, the TRNC continues unabated and with impunity to advertise and

represent from the District of Columbia that it owns the property belonging to

Greek Cypriots and falsely represents that it was abandoned by them in order to

issue false titles and/or create further victims of its fraud upon Plaintiffs and the

Class from its DC contacts and operations as it has done in London and found by

26

courts in the UK that admonished HSBC for being part of the racketeering

transactions.  **(See Latchford Compl. Ex. D; Append.  ____).**

### E.     Due Process

In order to exercise personal jurisdiction over an out-of-state defendant, a

court must determine whether the defendant has sufficient minimum contacts with

the jurisdiction in which the court sits such that maintenance of a suit does not

offend "traditional notions of fair play and substantial justice."  *International Shoe*

*Co. v. Washington*, 326 U.S. 310, 316 (1945).  While in the Internet context there

must be "something more" than an Internet advertisement alone "to indicate that

the defendant purposefully (albeit electronically) directed his activity in a

substantial way to the forum state" which is met here. *See Cybersell. Inc. v.*

*Cybersell. Inc.*, 130 F.3d at 414.   To be clear, the TRNC is in the business of

selling properties or harming the property rights belonging to the Plaintiffs' and the

Class based on ethnic hatred and discriminatory conduct where the TRNC falsely

claims ownership of property belonging to the displaced Greek Cypriots consisting

of the Plaintiffs' and the Class that was published by and for the DC website

trncwashdc.com and continues to be published by the TRNC, to attract investors

and buyers into its DC Office.  The TRNC uses the HSBC banking system to

coordinate its illegal activities and its lifeline and has appointed HSBC in the

United States as its agent to accept service of process and to follow US Banking

27

laws that it does not.  HSBC Bank USA violated Title 31, United States Code,

Section 5318(h)(1), which makes it a crime to willfully fail to establish and

maintain an effective AML program, and Title 31, United States Code, Section

5318(I)(1), which makes it a crime to willfully fail to establish due diligence for

foreign correspondent accounts.

The Defendant's decision to purposefully manufacture, create, host and

maintain a specific website, trncwashdc.org, promoting and dedicated to its

Washington DC office unrelated to Government contacts, and creating its content

and publishing discriminatory laws and falsely claiming ownership of properties

belonging to the Plaintiffs and Class, seeking a lawsuit in Indiana by claiming

ownership of property, religious relics, belonging to the displaced Church of

Cyprus under the same false and discriminatory laws towards Greek Cypriots that

it continues to publish violating the rights of the displaced Greek Cypriots, along

with publishing articles in the Washington Times, hiring personnel, stationary,

banking transactions, payroll, office space, and hiring a driver, residence unrelated

to Government contacts in the District, Maryland, NY and the United States while

also benefitting from bank transactions involving HSBC and the Plaintiffs

properties, and the fact the Plaintiffs' and the Class federal claims relate or arose

out of those activities, places defendant(s) on reasonable notice to "reasonably

anticipate being haled into" an American court. *See Mwani v. Osama bin Laden*,

417 F.3d 1, 10 (D.C. Cir. 2005) citing *Burger King*, 471 U.S. at 474 (quoting *World-Wide Volkswagen*, 444 U.S. at 297). The plaintiffs have amply made a prima facie showing that the so called "TRNC" has "'purposefully directed' [its] activities at residents" of the United States, *Burger King*, 471 U.S. at 472, (quoting *Keeton*, 465 U.S. at 774), and that this litigation results from injuries to the plaintiffs "that `arise out of or relate to' those activities," *id.* (quoting *Helicopteros Nacionales*, 466 U.S. at 41). The "TRNC" therefore had "fair warning" that its activities would "subject it to the jurisdiction" of the United States. *Id.*

## II.     THE COURT ERRED IN DENYING JURISDICTIONAL DISCOVERY.

The plaintiffs request jurisdictional discovery to "show the full extent of [the TRNC's] contacts and representation made on the website, along with banking and information relevant and indicative of its nature of business in the District of Columbia, including meetings, visitors, loans, payments, articles, speaking engagements and business." Pls. TRNC Opp. at 12-13; see also id. at 15, 17 n.11. Such jurisdictional discovery "lies within the district court's discretion," *Goodman Holdings v. Rafidain Bank*, 26 F.3d 1143, 1147 (D.C. Cir. 1994), and is appropriate "if it could produce facts that would affect [the court's] jurisdictional analysis." *Al Maqaleh v. Hagel*, 738 F.3d 312, 325-26 (D.C. Cir. 2013). Jurisdictional discovery is not appropriate, however, "in the absence of some specific indication regarding what facts additional discovery could produce." Id.

The plaintiffs therefore must "demonstrate with plausible factual support amounting to more than speculation or conclusory statements that discovery will uncover sufficient evidence" to establish personal jurisdiction. *See Simon v. Republic of Hungary*, 2014 WL 1873411, at *41 (D.D.C. May 9, 2014); *see, e.g., El-Fadl v. Cent. Bank of Jordan*, 75 F.3d 668, 671 (D.C. Cir. 1996), *abrogated on other grounds by Samantar v. Yousef*, 560 U.S. 305 (2010) (plaintiff was entitled to jurisdictional discovery based upon evidence of specific transactions by defendant bank in the forum).

The court failed to consider facts alleged or reasonably inferred from the record when concluding plaintiffs in this case have failed to make this showing, relying only on conclusory statements that the TRNC advertises and sells property through its D.C. office and website. .**Opin. at ___ ., Compl. ¶ 49.**

The district court was wrong in its analysis and conclusion as it disregarded the evidence before it in which a good faith basis existed that the necessary contacts for personal jurisdiction could be established from the TRNC representative Mr. Akil when he stated that, the TRNC created, owned, controlled and maintained a website, trncwashdc.org that is obviously directing web users including those in the District of Columbia to its website and offices, and hired an independent contactor someone to create the website and host the content located in the District or Maryland, which content includes buying property belonging to

30

displaced Greek Cypriots which consists of the Plaintiffs and the Class. The website which is know taken down from use but was active at the time the lawsuit was filed, further provided information about banking, investments and tourism which are all non government contacts that form the basis of persona jurisdiction. The trncwasdc.org website was taken down which limited the ability of Plaintiffs and he Class to obtain necessary information in good faith for its Opposition to the TRNC's Motion to Dismiss or the requested jurisdictional discovery which was denied, that would support the exercise of personal jurisdiction  Obviously the tourism in the areas under the illegal control of the TRNC include hotels have been documented to belong to Greek Cypriots and the ROC has warned tourists about trespassing or doing business on property that belongs to Greek Cypriot since the properties in the areas illegally controlled by the TRNC consist of nearly 80% Greek Cypriot ownership. **TAC.. Memo.; ).**

The TRNC further admitted through its representative that members of the public, presumably from the District of Columbia, do come to its office in DC that has nothing to do with communicating with the federal government.  Furthermore, The TRNC admits that some of the members of the public presumably from the District of Columbia seek to purchase property that again is not a government contact. These contacts which are non governmental in nature should be enough for the court to exercise personal jurisdiction on its face, but at a bare minimum

31

allow jurisdictional discovery to proceed as it establishes the good faith belief that discovery would allow the Plaintiffs and the Class to demonstrate contacts sufficient for this court to exercise personal jurisdiction. *See Caribbean Broad. Sys. Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1090 (D.C. Cir. 1998)(good faith belief); *see also Exponential Biotherapies, Inc. v. Houthoff Buruma N.V.*, 638 F. Supp. 2d 1, 11  (D.D.C. 2009) (holding that [j]urisdictional discovery … is justified only if the plaintiff reasonably 'demonstrates that it can supplement its jurisdictional allegations through discovery.'") (*quoting Kopff v. Battaglia*, 425 F. Supp. 2d 76, 89 (D.D.C. 2006))*.  "Mere conjecture or speculation" is not enough to justify jurisdictional discovery. FC Investment Group LC v. IFX Markets Ltd.*, 529 F.3d 1087, 1094 (D.C. Cir. 2008).

At this early stage of litigation, plaintiffs cannot be expected to have complete knowledge of an alleged conspiracy or concealed facts of fraud in area controlled by individuals who discriminate against Greek Cypriots who consist of the Plaintiffs and the Class by selling their properties without affording them the right to live in their home or occupy their businesses.  In his opposition to defendants' motions to dismiss, plaintiffs also simply asserted that j"[t]he Court should deny the motions to dismiss by both the TRNC and HSBC defendant prior to discovery." In doing so, appellants' draws the court's attention to an important circuit precedent supporting the court's current decision embodied in the cases

of *Naartex Consulting Corp. v. Watt*, 722 F.2d 779 (D.C.Cir.1983), *cert. denied sub nom.*, *Naartex Consulting Corp. v. Clark*, 467 U.S. 1210 (1984) *and Edmond v. United States Postal Serv. Gen. Counsel*, 953 F.2d 1398 (D.C.Cir.1992) *(*per curiam). In *Edmond*, then-Circuit Judge Ruth Bader Ginsburg noted the importance of affording a plaintiff "ample opportunity" to take discovery relevant to personal jurisdiction before dismissing a claim against a defendant. However, the court did need not decide whether plaintiff was abided a fair opportunity to pursue discovery keyed to the issue of personal jurisdiction because the court found that plaintiff's claim of conspiracy is sufficient to maintain personal jurisdiction.

III.    **THE COURT ABUSED ITS DISCRETION BY DENYING LEAVE TO FILE A THIRD AMENDED COMPLAINT.**

The Plaintiffs' requested leave to amend their complaint for a third time which was denied. See DI  "The grant or denial of leave to amend is committed to the sound discretion of the district court." *See Triad at Jeffersonville I, LLC v. Leavitt*, 563 F. Supp. 2d 1, 11 (D.D.C. 2008) *(citing Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). While leave to amend a complaint should be freely granted when justice so requires, see FED. R. CIV. P. 15(a)(2), the Court may deny a motion to amend if such amendment would be futile, *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996). "An amended complaint is futile if it merely restates the

33

same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory or could not withstand a motion to dismiss." *See Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 114 (D.D.C. 2002) (citation omitted).

The Plaintiff's proposed TAC included new factual allegations which identified the fraudulent property scheme involving TRNC titled properties that actually belonged to Greek Cypriots consisting of the Plaintiffs and the Class that used the HSBC banking system and would have cleared in the HSBC North America, as it was the correspondent bank for HSBC Bank A.S operating under the authority of the "TRNC" illegal enterprise.  HSBC Bank A.S has made false representations to the US Government under the Bank Secrecy Act, let alone its location (allegedly in Turkey) in order to avoid US regulations and oversight that prohibit the use of US Banking system for such illegal transactions as alleged and shown to be occurring violating the rights of the Plaintiffs and the Class. Obviously these lies were directed to the US with the assistance of by HSBC Bank A.S that operates with the authority of the TRNC for tourism and hotel accommodations let alone the transactions involving the property belonging to the Plaintiffs and the Class. (**TAC ¶¶  and Ex. D)**

Based on the anticipated evidence in discovery or through the allegations made in the TAC,  the Plaintiffs' properly alleged sufficient new facts namely that

34

HSBC and the "TRNC", entered into an agreement or assisted the other by allowing HSBC bank accounts to be used to launder monies obtained through transaction upon titles to property issued falsely to individuals which property belong to the plaintiffs and the Class can be identified with specificity which information is in the exclusive control of defendants. Plaintiffs further assert that HSBC's and the "TRNC" conduct constitutes a violation of 18 U.S.C. §1964(c), the RICO statute, in that HSBC has associated with an enterprise engaged in interstate or foreign commerce and conducted its affairs through a pattern of racketeering activity. To state a claim under this section, a plaintiff must allege: (1) the conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity. *See Elliott v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989).

The Illegal transactions sufficient to establish a cause of action and place HSBC defendant including HSBC Group[19] on notice of the claims is clearly within their possession and control and not with in the public domain, was finally brought before a UK court that found that TRNC titled properties involving property of displaced Greek Cypriots involving HSBC Group bank transactions to wire funds to and from the TRNC areas was in racketeering and involved illegal bank transactions under the UK's equivalent of RICO. The victims of this property

---

[19] Is the association of HSBC Banks including the named defendants and the HSBC Bank A.S and others yet to be identified because of the lack of transparency inherent in such money laundering or fraud operations.

scheme involves new victims such as purchasers and member of the public who

based on the TRNC fraudulent marketing, advertising and titling of property

unknowingly were purchasing property belonging to Greek Cypriots who were

displaced from their property, consisting of the Plaintiffs and the Class.  **.TAC ¶¶**

**; Latchford Complaint; Ex. D.; App._____**

## IV.   THE COURT ERRED IN NOT FINDING PLAINTIFF'S AND THE CLASS STATED A CAUSE OF ACTION AGAINST THE HSBC DEFENDANTS-APPELLEES.

The court failed to consider that HBSC defendants can be held liable for its

subsidiaries transaction that either it coordinated or approved or that it knew or

should have known about the transaction involving properties belonging to the

Plaintiffs' and the Class that were being sold to investors who themselves were

duped into buying property from the TRNC fraudulent property scheme.  These

transaction and others were and are processed from the HSBC Banking system that

involved the HSBC bank in the TRNC that has authorized the HSBC Bank (US) to

act as its agent as a correspondent bank which subjects the named HSBC

defendants and the HSBC Group responsible pursuant to the duties under the

Banking Secrecy Act, which was violated, that includes identifying transaction

such as the ones occurring and have occurred as alleged in the TAC which the

defendants sole defense to date is that they are not responsible for the acts of its

subsidiaries which is obviously false.

36

The court ignored that independent liability exists (or the unjust enrichment it received) from transactions involving properties belonging to the Plaintiffs and the Class and that it knew or should have known was occurring through the HSBC correspondent bank in the US or failing to abide by federal law in order to benefit financially and to aid assist and comfort the TRNC criminal enterprise. (See TAC ¶). Additionally, the TRNC financing of projects in the District of Columbia, past and present, occurred through HSBC banking system coordinated through HSBC Group for the benefit of the TRNC that is unrelated to US Government contacts (assuming no monies are being paid towards any congressional or federal election which would further support personal jurisdiction.

Moreover, the district court ignored the findings of the UK that under its RICO statute, that is modeled after the U.S., the TRNC's use of 3rd parties to conceal its illegal commercial activities through HSBC banking transactions involving the TRNC titled properties that belong to Greek Cypriots consisting of the Plaintiffs and the Class.  **TAC ¶¶ . ; Latchford Compl  ¶, Appendix ___.**

## CONCLUSION

**For the reasons stated above the decision of the District Court should be reversed.**

**Dated:**      **April 6, 2015**          **Respectfully submitted,**
              **Washington, DC**

                                          Tsimpedes Law Firm


                                          /s/Athan T. Tsimpedes
                                           DC Bar No. 45232
                                          11 Dupont Circle, N.W., Suite 300
                                          Washington, D.C. 20036
                                          Ph: 202-464-9910
                                          Fax: 202-747-2947
                                          athan@tsimpedeslaw.com
                                          *Attorney for Plaintiffs and the*
                                          *Classes*

## CERTIFICATE OF COMPLIANCE

1.  This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

    [ X ] this brief contains [XXXXX] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

    [    ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2010*] in [*14pt Times New Roman*]; *or*

    [    ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].


Dated: <u>April 6, 2015</u>            <u>/s/ Athan T. Tsimpedes</u>
                                       *Counsel for Appellants*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 6th day of April, 2015, I caused this Page-Proof

Brief of Appellants to be filed electronically with the Clerk of the Court using the

CM/ECF System, which will send notice of such filing to the following registered

CM/ECF users:

David S. Saltzman
Saltzman & Evinch, PC
1050 K Street, NW, Suite 1150
Washington, DC 20001
(202) 637-9877
dsaltzman@saltzmanevinch.com

Edward Brian MacAllister
Perles Law Firm, PC
1050 Connecticut Avenue, NW, 10th Floor
Washington, DC 20036
(202) 955-9055
emacallister@perleslaw.com

*Counsel for Appellee Turkish Republic of Northern Cyprus*

Michael O. Ware
Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 506-2500
mware@mayerbrown.com

Paul Whitfield Hughes
Andrew John Pincus
Mayer Brown, LLP
1999 K Street, NW
Washington, DC 20006-1101
(202) 263-3000
phughes@mayerbrown.com
apincus@mayerbrown.com

*Counsel for HSBC Holdings PLC, HSBC Bank USA, N.A.*

I further certify that I caused the required copies of the Page-Proof Brief of

Appellants to be hand filed with the Clerk of the Court.

/s/ Athan T. Tsimpedes
*Counsel for Appellants*